■ TRIBORO COACH CORP., Respondent, v AMERICAN HOME ASSURANCE COMPANY, Appellant.—In an action on an insurance policy, defendant appeals from an order of the Supreme Court, Queens County, dated January 3, 1977, which denied its motion for an order of preclusion. Order affirmed, without costs or disbursements. Although a straightforward and concise response to defendant-appellant's demand for a bill of particulars would have saved the parties from the trouble of engaging in this picayune appeal, the response to the demand adequately provided the information requested. Gulotta, P. J., Latham, Damiani and O'Connor, JJ., concur.

■ JOHN WAINWRIGHT, Respondent, v NASSAU RECYCLE CORP., Appellant, et al., Defendant.—In an action to recover damages for personal injuries, defendant Nassau Recycle Corp. appeals from an order of the Supreme Court, Richmond County, dated May 27, 1977, which denied its motion to dismiss the action for failure to timely serve a complaint. Order reversed, with $50 costs and disbursements, and motion granted. Plaintiff-respondent has failed to demonstrate a valid justification for the protracted delay in serving his complaint. There is no imminent danger that the Statute of Limitations will expire; nor does the service of another and redundant notice of appearance by substituted counsel excuse the delay. The fact that the codefendant accepted belated service is not determinative of appellant's rejection of the proffered complaint served by plaintiff immediately prior to the return date of appellant's motion to dismiss. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.

■ In the Matter of CARL J. BUTTACAVOLI, Petitioner, v DANIEL GUIDO, as Commissioner of Police of the County of Nassau, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Police of the County of Nassau, which, after a hearing, found that the petitioner had violated specific rules and regulations of the Nassau County Police Department and dismissed him from his position with the department. Petition granted to the extent that the determination is modified, on the law, by annulling so much thereof as found that the charges as to Specification No. 7 were sustained, and the said charges are dismissed. As so modified, determination confirmed and proceeding otherwise dismissed on the merits, without costs or disbursements. The evidence in support of Specification No. 7, failure to promptly notify the police department of a change of status, was entirely inconclusive and therefore insufficient to support the determination sustaining the charge. However, substantial evidence was presented to support the more serious charges of conduct unbecoming an officer (see *Matter of Collins v Codd,* 38 NY2d 269). Nor was the petitioner denied a fair hearing by the admission, over objection, of legally incompetent evidence (see *Matter of Sowa v Looney,* 23 NY2d 329). Finally, the punishment of dismissal, although harsh, is not shocking to one's sense of fairness. The petitioner's conduct, while perhaps understandable, was inconsistent with the overriding public interest of maintaining an efficient and honest police force deserving of the public's trust and confidence (see *Matter of Alfieri v Murphy,* 47 AD2d 820, affd 38 NY2d 976; *Matter of Steward v Leary,* 57 Misc 2d 792). It is not necessary to remit the matter for reconsideration of the penalty since it is apparent from this record that the dismissal was based upon the more serious charges of misconduct. Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.