■ MURRAY GORDON, Individually and as Administrator of the Estate of MARLENE GORDON, Deceased, Appellant, v SHORE PARK PHARMACY, INC., Defendant, and JOSEPH W. SCHONBERGER et al., Respondents.—In a medical and pharmaceutical malpractice action, plaintiff appeals from an order of the Supreme Court, Nassau County, dated March 16, 1978, which granted the motions of defendants Schonberger and Dlugash to dismiss the action as to them for failure to serve a complaint after receiving a demand therefor. Order reversed, without costs or disbursements, and motions to dismiss denied on condition that plaintiff's attorney personally pay the sum of $125 to each of the individual defendants within 20 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry thereof; in the event such condition is not complied with, order affirmed, with $50 costs and disbursements. Where, as here, the action appears to have some merit despite the unsatisfactory affidavit submitted in opposition to the motions to dismiss, the alleged malpractice resulted in death, the delay was not inordinately protracted, the default was not willful or with any intention to abandon the action, and defendants have not been prejudiced, plaintiff should not be deprived of his day in court (see *Carron v De Granpre,* 55 AD2d 712). Suozzi, J. P., Lazer, Cohalan and Martuscello, JJ., concur.

■ STEVEN C. KANTLEHNER, an Infant by His Mother and Natural Guardian, MARGARET KANTLEHNER, et al., Appellants, v UNION FREE SCHOOL DISTRICT No. 3, TOWN OF HUNTINGTON, et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Suffolk County, dated May 19, 1978, which denied their cross motion (1) for renewal of a prior order of the same court denying a general preference, and (2) for removal of this action from the District Court, Suffolk County, to the Supreme Court, Suffolk County. Order reversed, without costs or disbursements, and cross motion granted. Under the facts of this case, recovery for the injuries sustained may exceed the jurisdiction of the District Court. Damiani, J. P., Titone, Gulotta and Shapiro, JJ., concur.