■ In the Matter of WALTER G. MONROE, Petitioner, v BOARD OF PUBLIC SAFETY OF THE CITY OF GLENS FALLS et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Washington County) to review a determination of the Board of Public Safety of the City of Glens Falls, which dismissed petitioner from service in the Glens Falls Police Department. After a hearing pursuant to subdivision 3 of section 75 of the Civil Service Law, petitioner, a policeman of some four years, was found guilty of the charge of conduct unbecoming an officer and dismissed from service in the Glens Falls Police Department. The instant proceeding was commenced, and petitioner contends that the determination is arbitrary, capricious and unsupported by substantial evidence. He further contends that the penalty is excessive. The charges were an outgrowth of petitioner's application for a change of designated beneficiary in his Blue Cross/Blue Shield contract under which he was covered as an employee of the City of Glens Falls. Benefits under this contract were paid on behalf of the substituted designated beneficiary. The record demonstrates that petitioner commenced an action for divorce from his former wife on April 14, 1976; that the application in question signed May 7, 1976 stated that his divorce was obtained on April 9, 1976 and that he was to be remarried on May 15, 1976; that benefits approximating $850 were paid under the contract in August and September of 1976 for medical services rendered to one concededly not his wife; that petitioner was not remarried at the time of the hearing held on February 16, 1977; and that after being advised the payments were improper petitioner made complete reimbursement. Specifically, petitioner was charged with misconduct pursuant to section 68 of the Rules and Regulations of the Glens Falls City Police Department which states as follows: "Members shall not conduct themselves in an immoral, indecent, lewd, or disorderly manner or in a manner that might be construed by an observer as immoral, indecent, lewd or disorderly. Any member who in his own personal conduct is guilty of behavior or reflecting discredit on the department or tending to bring the department to disrepute shall be subject to dismissal or such other action as may be deemed appropriate by the Board of Public Safety." Initially, we reject petitioner's contention that this rule is too vague to properly advise him of the nature of the conduct it purports to prohibit. The issue here is one of substantial evidence. Petitioner admits the

relevant facts. He contends, however, that when he learned that he was not divorced and, therefore, unable to remarry, he just neglected to correct the records. The mistake, he argues, was an honest one. The choice among inferences to be drawn from the proof was for respondent board of public safety. The board implicitly rejected petitioner's version and, in our view, there is substantial evidence to sustain the determination *(Matter of Collins v Codd,* 38 NY2d 269). While the punishment of dismissal appears harsh, it is not shocking to one's sense of fairness (see *Matter of Buttacavoli v Guido,* 59 AD2d 891). Furthermore, our scope of review in determining the propriety of a penalty is extremely limited *(Matter of 17 Cameron St. Rest. Corp. v New York State Liq. Auth.,* 48 NY2d 509). There must be a confirmance. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.