# FIRST DEPARTMENT, MARCH, 1983

## (March 1, 1983)

■ ALICE G. TEMKIN, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITERS ASSOCIATION, Respondent. — Judgment entered June 3, 1982 in Supreme Court, New York County (Wallach, J.), dismissing the complaint against plaintiff Alice G. Temkin, unanimously reversed, on the law and the facts and in the exercise of discretion, and plaintiff permitted to serve a complaint within 10 days of entry of the order hereon, without costs. The appeal from the underlying order entered May 7, 1982 is dismissed, without costs, as having been subsumed in the appeal from the within judgment. When fire destroyed appellant's building on May 6, 1979 she filed a claim with respondent under the $65,000 policy she had purchased. All of the usual inspections and document filings required were accomplished, and settlement negotiations ensued, even to the point of respondent's attorneys conducting an examination under oath of appellant's husband in July and mid-September of 1980. When she heard nothing further from the carrier, however, appellant became fearful that her right to sue under the policy would soon expire. She then drew up — rather inartfully — a summons which her husband served upon respondent, on March 5, 1981. A week later counsel for respondent served her with a notice of appearance, and demand for a complaint. There matters stood as, two months later, the Statute of Limitations expired. When seven months more had expired, respondent moved to dismiss the action for failure to serve a complaint. Appellant immediately secured a lawyer who prepared and served a complaint. This was rejected as untimely, and Special Term granted the motion to dismiss, citing to *Barasch v Micucci* (49 NY2d 594, 599), *Sortino v Fisher* (20 AD2d 25, 29), and *Solomon v Perkins* (52 AD2d 753). We are aware of the requirement that service of the complaint be accomplished within 20 days after service of the notice of appearance or demand for a complaint. (CPLR 3012, subd [b].) However, this does not appear to us to be a case of neglect and abandonment, but rather, a situation where a property owner, in the midst of pursuing her claim administratively with the insurance company, took the one action she thought would preserve her rights should direct negotiations fail. It is probable that, being ignorant of the strictures of New York procedure, she did not even know she was initiating a lawsuit. Thus, we recognize the good-faith efforts of this property owner to handle her claim, deem it a reasonable excuse for the delay and exercise our discretion by vacating the default. Concur — Murphy, P. J., Kupferman, Sandler, Carro and Kassal, JJ.