■ ELEANOR R. BOHLMAN, Respondent, v RALPH REICHMAN, Individually and as Coexecutor of HILDA K. RIEBE, Deceased, et al., Appellants. — In an action seeking, *inter alia,* rescission of certain stipulations entered into in court, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Jones, J.), dated June 22, 1982, which granted plaintiff's motion to strike defendants' answers and (2) an order of the same court, dated November 25, 1982, which denied defendants' motion, in effect, to reargue the prior motion to strike their answers. Appeal from the order dated November 25, 1982, dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Order dated June 22, 1982 reversed, without costs or disbursements, and the motion to strike defendants' answers is denied and the answers are reinstated with leave to plaintiff to renew said motion upon a showing of the specific items which she claims have not yet been produced. The record reveals (1) the existence of a meritorious defense and (2) that the defendants have heretofore served a substantial number of documents upon the plaintiff in response to the demands served upon them. Those facts coupled with the excuse proffered, to wit: the physical inability, due to the partial blindness of the defendant executor attorney Ralph Reichman, to timely comply with the disclosure requests leads us to conclude that it was an improvident exercise of discretion to unconditionally strike the answers of the defendants (CPLR 2005). If the plaintiff is not satisfied with the documents heretofore produced by the defendants she may renew her motion to dismiss upon a showing of the specific items called for which have not as yet been served upon her by the defendants. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.