■ THOMAS MODAFERRI, Appellant, v SIDNEY R. SIBEN et al., Respondents. — Order entered July 15, 1982, in the Supreme Court, New York County (Michael Dontzin, J.), granting defendant's motion for summary judgment, unanimously reversed, on the law, and the motion denied, with leave to plaintiff to re-serve his amended bill of particulars, with costs. Plaintiff sues his former lawyers for their alleged malpractice in not diligently pressing his negligence claim within the applicable Statute of Limitations. Upon demand, plaintiff served his bill of particulars but inadvertently forgot to answer Number 17. This question asked, in essence, which of the injuries described in answer to question Number 5 were considered permanent. Defendants moved for a direction that plaintiff serve a further bill of particulars as to item 17, and for compliance with a previous request for medical records and authorizations. Special Term "granted" the motion "to the extent" of precluding plaintiff from testifying at trial as to items 5 and 17, "unless a further bill of particulars is issued regarding these items within 30 days after service of a copy of this order with notice of entry thereof." No appeal was taken from this order. On the other hand, plaintiff's attorney claims that he was never served with the order with notice of entry. Defendants assert that the order was served, and show the affidavit of service by mail. Nearly two years later defendants moved for summary judgment based upon noncompliance with the prior conditional order. Special Term granted the motion, even though extensive motion practice and pretrial proceedings (discovery and inspection, EBT's) had provided defendants with ample opportunity to ascertain the extent and permanency of plaintiff's injuries. Moreover, no tenable assertion of prejudice was made by defendants, but only the technical insistence that plaintiff had failed to provide, in the form of a bill of particulars, information essentially duplicative of that already provided in answer to item 5 which information is ascertainable otherwise. We reverse and exercise our discretion, allowing plaintiff to re-serve the amended bill of particulars which defendants rejected as untimely. It is manifestly unfair to dismiss this plaintiff's action and deny him his day in court when defendants have suffered no prejudice, but, rather, have made countless attempts to avoid a resolution on the merits. Although plaintiff never appealed the original preclusion order, it is difficult to justify the complete loss of plaintiff's claims when the motion upon which the preclusion order issued only sought a direction that plaintiff respond to item 17 and provide medical records (the latter having been subsequently supplied prior to the motion for summary judgment). Concur — Carro, J. P., Milonas, Kassal and Alexander, JJ.