■ DOROTHY C. WILENSKI, Respondent, v AURICCHIO MONUMENTS, INC., et al., Appellants, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., defendants Richard J. Campbell and Auricchio Monuments, Inc., separately appeal from an order of the Supreme Court,

Nassau County (Kelly, J.), entered April 25, 1983, which denied their respective motion and cross motion for summary judgment dismissing the complaint as to them and which granted plaintiff's cross motion to the extent of opening plaintiff's default and extending the time for compliance with an order of preclusion dated December 16, 1982, so that service of plaintiff's verified bill of particulars on or about February 9, 1983, was timely, on condition that plaintiff's attorney pay $50 to defendants Campbell and Auricchio Monuments. ¶ Order modified by increasing the sanction imposed to the total sum of $500. As so modified, order affirmed, with one bill of costs to appellants. Plaintiff's attorney's time to personally pay the total sum of $500 to appellants is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry; in the event that condition is not complied with, order reversed, as a matter of discretion, with costs, motions for summary judgment granted unconditionally, plaintiff's cross motion denied and action dismissed as against defendants Campbell and Auricchio Monuments. ¶ Defendant Campbell first demanded a bill of particulars from plaintiff on or about June 25, 1982. By order dated December 15, 1982, Special Term ruled that plaintiff would be precluded from offering pertinent evidence at trial unless a bill of particulars was served within 20 days of service of a copy of said order upon plaintiff's attorney. Plaintiff's bill of particulars was served on or about February 9, 1983 and rejected as untimely by both defendants Campbell and Auricchio Monuments. ¶ In view of the meritorious nature of the action as evinced by the verified bill of particulars (see *Weber v Victory Mem. Hosp.,* 98 AD2d 719), the absence of an intent to abandon the action, the lack of substantial prejudice to the appellants emanating from the delay and the public policy in favor of resolving cases on the merits, it was not an abuse of discretion to have denied the appellants' motions to dismiss the complaint (*Stolpiec v Wiener,* 100 AD2d 931; *Stark v Marine Power & Light Co.,* 99 AD2d 753). Inasmuch as the 1983 amendments to CPLR 2005 and 3012 (subd [d]), do not relieve litigants of the duty to comply with the time requirements of the CPLR (see *La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711), we have conditioned the denial of the appellants' motions upon compliance with a more appropriate sanction imposed upon plaintiff's attorney (*Stark v Marine Power & Light Co., supra; Robinson v USAA Cas. Ins. Co.,* 97 AD2d 837). While the unexcused ignoring of deadlines is not to be condoned, the imposition of a sanction of $500 will both meet this concern and accord with the public policy favoring the disposition of cases on their merits. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.