■ NATIONAL STATES ELECTRIC CORP., Appellant, v INSURANCE COMPANY OF NORTH AMERICA et al., Respondents. — In a breach of contract action to recover damages for the delivery of allegedly defective diesel generators, plaintiff appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated March 14, 1983, which granted defendants' motion for summary judgment dismissing the complaint and denied its cross motion to vacate its default in serving a bill of particulars. ¶ Order reversed, on the law and in the exercise of discretion, without costs or disbursements, motion denied and cross motion granted on condition that plaintiff personally pay the sum of $750 to each of the defendants, for a total of $1,500, within 30 days after service upon it of a

copy of the order to be made hereon, with notice of entry; in the event such condition is not complied with, order affirmed, with costs. ¶ In June, 1981, Western Engine Co. (Western) sued National States Electrical Corp. (National States) for the balance due under a contract to provide two diesel generators. In its answer, National States set forth an affirmative defense that the generators were defective and in a bill of particulars provided the details of the defense. In November, 1981, National States commenced the instant action alleging breach of contract by Western. In April, 1982, after National States failed to respond to a demand for a bill of particulars in the second action, a 20-day conditional order of preclusion was entered. In December, 1982, defendants moved for summary judgment and thereafter plaintiff cross-moved to vacate its default. Special Term dismissed the complaint. ¶ We reverse and exercise our discretion to excuse the delay in serving a bill of particulars. In our view, the merit of the action was amply demonstrated by the affidavit of plaintiff's president in which he stated that a generator failed because its parts had burnt out during testing. While the excuse for the delay, the plaintiff's corporate reorganization, is not wholly satisfactory, it is sufficient under the circumstances to warrant excusing the default, especially in light of the public policy in favor of resolving cases on the merits (see *Wilenski v Auricchio Monuments,* 102 AD2d 824). Moreover, as far as information was concerned, the bill of particulars served earlier in the related action provided defendants with the details sought in the instant action (see *Modaferri v Siben,* 97 AD2d 377; *Bohlman v Reichman,* 97 AD2d 426). In view of the nature of plaintiff's excuse, which evidenced a lack of diligence, we have fixed an appropriate sanction as a condition of the relief granted (see *Stolpiec v Wiener,* 100 AD2d 931; *Robinson v USAA Cas. Ins. Co.,* 97 AD2d 837). Lazer, J. P., O'Connor, Rubin and Boyers, JJ., concur.