■ ESTHER KASHTI et al., Respondents, v CITY OF NEW YORK, Defendant, and WILLIAM CRAWFORD, Appellant. — In an action

to recover damages for personal injuries, etc., defendant Crawford appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Rubin, J.), dated December 13, 1983, as denied those branches of his motion which sought an order striking plaintiffs' note of issue and dismissing the complaint as to him pursuant to CPLR 3216 for failure to timely prosecute the action.

Order modified, as a matter of discretion, by adding thereto a provision conditioning the denial of the aforenoted branches of defendant Crawford's motion upon payment of $500 by plaintiffs personally to defendant Crawford. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The payment shall be made by plaintiffs personally within 30 days after service upon them of a copy of the order to be made hereon, with notice of entry. In the event such condition is not complied with, order reversed insofar as appealed from, with costs, note of issue stricken, and complaint dismissed with respect to defendant Crawford.

As excuses for the delay, plaintiffs note that they were without counsel when defendant Crawford served a 90-day demand on them and that the subject demand was never received. However, defendant Crawford submitted proof that the demand was properly mailed. Therefore, these excuses are not wholly satisfactory. Nevertheless, these excuses are sufficient under the circumstances to warrant excusing the default, especially in light of the public policy in favor of resolving cases on the merits (see *National States Elec. Corp. v Insurance Co.,* 103 AD2d 824; *Wilenski v Auricchio Monuments,* 102 AD2d 824). In view of the nature of plaintiffs' excuses which evinced a lack of diligence, we have fixed an appropriate sanction (see *Stolpiec v Wiener,* 100 AD2d 931; *Robinson v USAA Cas. Ins. Co.,* 97 AD2d 837; *Pirnak v Savino,* 96 AD2d 857). Thompson, J. P., Weinstein, Brown and Boyers, JJ., concur.