■ ASCHER KATZ et al., Respondents, v KNOESEL SERVICE CENTER, INC., et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Meehan, J.), entered April 10, 1985, which denied their motion to dismiss the action and sua sponte directed them to accept the untimely service of the complaint and to serve an answer within 20 days after service upon them of a copy of the order appealed from, with notice of entry.

Order modified, as a matter of discretion, by adding thereto a provision directing the plaintiffs' attorneys to personally pay the defendants $500. As so modified, order affirmed, without costs or disbursements. Plaintiffs' attorneys' time to pay $500 is extended to 15 days after service upon them of a copy of the order to be made hereon, with notice of entry.

Inasmuch as this is not a case of neglect or abandonment but, rather, a situation wherein the plaintiffs' good-faith efforts to pursue settlement negotiations with the defendants' insurance carrier constituted a reasonable excuse for the delay in serving the complaint, Special Term did not abuse its discretion in denying the defendants' application (see, Temkin v New York Prop. Ins. Underwriters Assn., 92 AD2d 758). Where, as here, the action appears to have some merit, the delay in the service of the complaint was neither inordinately protracted nor willful and the defendants have not been prejudiced thereby, the plaintiffs should not be deprived of their day in court (see, Gordon v Shore Park Pharmacy, 70 AD2d 651). However, in view of the dilatoriness of plaintiffs' attorneys and their failure to move pursuant to CPLR 3012 (d) for an extension of time in which to serve the complaint, we have fixed an appropriate sanction. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.