■ ANITA RAIT, Respondent, v ROBERT M. BAUER et al., Defendants, and GAB BUSINESS SERVICES, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of an insurance contract, the defendants Home Mutual Insurance Co. and GAB Business Services, Inc. (hereinafter the appellants), appeal from an order of the Supreme Court, Orange County (Cowhey, J.), dated March 26, 1985, which denied their motion to dismiss the plaintiff's action as to them for failure to timely serve a complaint pursuant to CPLR 3012 (b).

Order modified, as a matter of discretion, by adding thereto a provision conditioning the denial of the appellants' motion upon payment of $250 by the plaintiff personally to each appellant. As so modified, order affirmed, without costs or disbursements. The payment shall be made by the plaintiff personally within 30 days after service upon the plaintiff of a copy of the order to be made hereon, with notice of entry. In the event such condition is not complied with, order reversed, on the law, without costs or disbursements, and complaint dismissed as against the appellants.

The plaintiff belatedly served a verified complaint approxi-

mately three weeks after the expiration of a two-week extension period and in response to the appellants' motion to dismiss the action as against them, pursuant to CPLR 3012 (b). Contrary to the appellants' representations on appeal, the original record contains a verification of the complaint by the plaintiff.

In view of the minimal delay, the verified pleading, which suffices as an affidavit of merit *(see,* CPLR 105 [t]; *A & J Concrete Corp. v Arker,* 54 NY2d 870), and the public policy in favor of resolving cases on the merits *(see, National States Elec. Corp. v Insurance Co.,* 103 AD2d 824; *Wilenski v Auricchio Monuments,* 102 AD2d 824), we cannot say that Special Term erred in excusing the plaintiff's default *(cf. Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904). Nevertheless, the nature of the plaintiff's excuse, which evinced a lack of diligence, warrants the fixation of an appropriate sanction *(see, Kashti v City of New York,* 104 AD2d 853). Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.