■ JOSEPH T. RYERSON & SON, INC., Appellant, v JOSEPH PETITO, Respondent.—In an action to recover a sum due and owing on a personal guarantee, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (DiPaola, J.), dated April 23, 1986, as, upon reargument, adhered to its prior determination in an order of the same court, dated February 18, 1986, which granted the defendant's motion to dismiss the action for failure to timely serve a complaint.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, the order of February 18, 1986 is vacated, the defendant's motion to dismiss is denied, the action reinstated, and the verified complaint is deemed served, on condition that the plaintiff's attorneys personally pay the defendant the sum of $500 within 15 days after service upon them of a copy of this decision and order, with notice of entry; in the event that condition is not complied with, the order is affirmed, with costs; in the event the condition is complied with, the defendant's time to serve an answer is extended until 20 days after compliance.

In view of the apparent merit to the action, the absence of any intent to abandon the action, the facts that the delay in serving the complaint was neither willful nor protracted and that the defendant has not been prejudiced thereby, as well as

the strong public policy in favor of resolving cases on the merits, the plaintiff should not have been deprived of its day in court *(see, Rait v Bauer,* 121 AD2d 704; *Katz v Knoesel Serv. Center,* 117 AD2d 781; *Belsky v Lowell,* 117 AD2d 575, 576; *Wilenski v Auricchio Monuments,* 102 AD2d 824, 825). However, in view of the dilatoriness of the plaintiff's attorneys in failing to serve the complaint for some 3½ months after the denial of the plaintiff's motion for summary judgment on the ground that the issue had not been joined, and their failure to move pursuant to CPLR 3012 (d) for an extension of time in which to serve the complaint, we have fixed an appropriate sanction *(see, Katz v Knoesel Serv. Center, supra).* Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.