■ PERLEY GORDINEER et al., Appellants, v SAMUEL E. GALLAGHER et al., Respondents.—In an action, *inter alia,* to recover damages for assault and battery, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Benson, J.), entered June 6, 1988, which granted the defendants' motion pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint and denied their cross motion to compel the defendants to accept the complaint. The appeal brings up for review so much of an order of the same court, entered October 13, 1988, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order entered June 6, 1988, is dismissed, without costs or disbursements, as that order was superseded by the order entered October 13, 1988, made upon reargument; and it is further,

Ordered that the order entered October 13, 1988, is reversed insofar as reviewed, on the law, without costs or disbursements, the order entered June 6, 1988, is vacated, the defendants' motion is denied and the plaintiffs' cross motion is granted, upon condition that the plaintiffs' attorneys personally pay to the defendants the sum of $200 within 30 days after service upon them of a copy of this decision and order, with notice of entry. In the event that condition is not complied with, the order dated October 13, 1988, is affirmed insofar as reviewed, the complaint is dismissed, and the defendants are awarded one bill of costs.

Less than five weeks after the plaintiff was required to serve a complaint, the defendants moved to dismiss the action pursuant to CPLR 3012 (b). Prior to the return date, the plaintiffs cross-moved to compel the defendants to accept a verified complaint. A copy of the proposed complaint, which was verified by the parents of the infant plaintiff, was submitted with the plaintiffs' papers.

A party opposing motion to dismiss pursuant to CPLR 3012 (b) based upon law office failure *(see, Wainwright v Nassau Recycle Corp.,* 59 AD2d 891), is obligated to submit an affidavit of merit containing evidentiary facts sufficient to establish a prima facie case *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904). The Supreme Court erroneously concluded that the plaintiffs' affidavit of merit was deficient due to the omission of "competent medical * * * proof", substantiating their claims. However, expert medical opinion evidence was not required to demonstrate merit because the plaintiffs' causes of action, unlike one for medical malpractice *(see, Fiore*

*v Galang,* 64 NY2d 999), were predicated upon matters within the ordinary experience and knowledge of laymen *(see, Salch v Paratore,* 60 NY2d 851). The affidavit of the infant plaintiff, aged 15, alleges that the infant defendant stabbed her with a knife; the blade entered her back and exited through her right breast. Those allegations evidence intentional conduct and suffice to establish a meritorious cause of action against the infant defendant sounding in assault and battery *(see, Bergen v Shapiro,* 129 AD2d 669). Furthermore, there is a duty owed by parents to third parties to control their children's use of dangerous instruments to avoid harm to third parties *(see, Nolechek v Gesuale,* 46 NY2d 332, 339; *Lichtenthal v Gawoski,* 44 AD2d 771). Under the circumstances of this case, the infant plaintiff's affidavit combined with the verified pleading (CPLR 105 [t]; *see, A & J Concrete Corp. v Arker,* 54 NY2d 870), suffices to demonstrate a meritorious cause of action against the infant defendant's parents for negligent parental supervision.

In view of the adequate demonstration of meritorious causes of action against the defendants, the absence of any prejudice attributable to the short delay in serving the complaint, and the public policy in favor of resolving cases on the merits *(see, National States Elec. Corp. v Insurance Co.,* 103 AD2d 824; *Wilenski v Auricchio Monuments,* 102 AD2d 824), the court's refusal to excuse the plaintiffs' default was an improvident exercise of discretion. Nevertheless, the nature of plaintiff's excuse, which evinced a lack of diligence, warrants the fixation of an appropriate sanction *(see, Rait v Bauer,* 121 AD2d 704; *Kashti v City of New York,* 104 AD2d 853). Mangano, P. J., Thompson, Rubin and Miller, JJ., concur.