■ ESTELLE EISENBERG, Respondent, v AARON GOTTESMAN, Appellant.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 29, 1990, which denied defendant's cross-motion to dismiss the complaint, and granted plaintiff's motion for a default judgment only to the extent of directing the defendant to answer the complaint within 30

days after service of a copy of the order with notice of entry, unanimously affirmed, with costs and disbursements.

This action for accounting malpractice was commenced by plaintiff, *pro se,* by service of a summons without a complaint. By stipulation, plaintiff's time to serve a complaint was extended until two weeks after the termination of settlement negotiations. Plaintiff then retained her former counsel. When settlement negotiations failed, plaintiff directed her former counsel to serve a complaint, which was accomplished on August 11, 1988. Plaintiff, however, was unaware that her prior counsel had already received a notice to serve the complaint pursuant to the stipulation, which required that the complaint be served by July 19, 1988. Plaintiff was also unaware that defendant had rejected service of the complaint as untimely.

The action remained dormant until August, 1989, when plaintiff, who had retained new counsel, moved for a default judgment against defendant. Not until defendant cross-moved to dismiss the action for plaintiff's failure to timely serve the complaint did plaintiff become aware of what had transpired. The IAS court denied defendant's cross-motion to dismiss, and granted plaintiff's motion to the extent of directing defendant to answer the complaint.

Based on these facts, plaintiff was entitled to be relieved of her short delay in serving the complaint. *(Rait v Bauer,* 121 AD2d 704.) In moving to excuse a default in serving a complaint, the plaintiff must demonstrate a reasonable excuse for the delay and a *prima facie* showing of legal merit to the claims asserted. *(De Vito v Marine Midland Bank,* 100 AD2d 530.) Plaintiff's extensive affidavit of merit satisfied the latter requirement. The actual delay in serving the complaint, in accordance with the stipulation of the parties, was less than one month, and did not result in any prejudice to defendant. As to plaintiff's failure to move to vacate her default for approximately one year, it is certain that plaintiff was unaware of the operative facts, as she would not, under these circumstances, have moved to hold defendant in default for failing to answer the complaint. Nor did defendant take any action on plaintiff's default during this time. Only after plaintiff had moved to hold defendant in default did he so move. Concur—Sullivan, J. P., Carro, Ellerin, Ross and Kassal, JJ.