■ MICHAEL SCAGNELLI, by His Father and Natural Guardian, LOUIS SCAGNELLI, Appellant, v EDWARD PAVONE et al., Respondents, et al., Defendant. (And a Third-Party Action.)— In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered January 18, 1990, as, upon renewal, adhered to the original determination made in an order of the same court, dated July 28, 1989, which denied his motion for leave to enter a default judgment against the respondents, and granted the respondents leave to serve a late answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant action arises from an alleged assault. The complaint, which is inartfully drawn, alleges that the infant plaintiff was involved in a fight with the infant defendant on May 12, 1987, while the two were attending classes at the Karafin School in Mount Kisco. It is further alleged that the infant defendant did "wantonly and maliciously punch plaintiff in the face". The complaint also names the infant defendant's parents as party defendants, claiming they "knew or should have known of the proclivities of their son * * * and should have the responsibility as parents for the tortrous [sic] conduct of their son".

On May 11, 1988, three copies of a summons were served personally on the mother of the infant defendant, at the family residence. Additional copies of the summons were mailed to the infant defendant and his father at the same address. The record does not indicate whether proof of service upon the infant defendant and his father pursuant to CPLR 308 (2) was filed, as is required. Further, it is impossible to conclude from the record whether personal jurisdiction over Edward Pavone and his father was obtained.

The respondents forwarded the summons and complaint to Nationwide Insurance Company, requesting coverage under their homeowners' policy. The insurer disclaimed coverage. In May 1989 the plaintiff sought leave to enter a default judgment. Upon receiving notice of the application, the respondents retained an attorney and cross-moved for leave to serve a late answer. In an order dated July 28, 1989, the Supreme Court denied the motion for leave to enter a default judgment and allowed service of a late answer. The court subsequently granted the plaintiff's motion for renewal in order to consider additional papers not previously submitted, and adhered to the original determination.

Under the circumstances of this case, including, *inter alia,* the existence of several viable defenses, the Supreme Court did not improvidently exercise its discretion in permitting the respondents to serve a late answer *(see,* CPLR 3012 [d]). The determination of the Supreme Court is in furtherance of a public policy which favors the resolution of cases on the merits *(see, Gordineer v Gallagher,* 160 AD2d 672, 673). Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.