■ In the Matter of IRWIN KAUFMAN, Respondent, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants. [619 NYS2d 753] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the appellants to pay the petitioner certain moneys alleged to be due and owing him, and to recover damages for allegedly inducing him to retire early, the appeal is from an order of the Supreme Court, Kings County (Ramirez, J.), dated May 4, 1993, which denied the appellants' motion to vacate and set aside a default judgment entered September 4, 1992.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, the motion is granted, the judgment is vacated, and the answer is deemed served.

The petitioner retired on December 31, 1990, after approximately 30 years of service. He is a member of the New York City Teachers' Retirement System. He commenced the instant proceeding to compel the appellants to pay him certain moneys alleged to be due and owing him, and to recover damages for allegedly inducing him to retire early. On the first return date, the matter was adjourned by the court to February 20, 1992. On February 20, 1992, the matter was adjourned to March 19, 1992. On March 19, 1992, the matter was adjourned to April 30, 1992, on condition that the appellants serve an answer prior to April 23, 1992.

The appellants did not timely serve an answer and instead sought a further adjournment. That request was denied by the Supreme Court, which instead directed settlement of a default judgment, without a written motion for such relief under

CPLR 3215. The petitioner settled a judgment, which was signed on August 26, 1992. The judgment was entered on September 4, 1992, and was served on the appellants with notice of entry on or about September 23, 1992.

By order to show cause dated October 4, 1992, the appellants moved to vacate the default judgment. By order entered May 19, 1993, the Supreme Court denied the motion, finding that the assertions of excusable default were belied by the appellants' failure to move to vacate that default judgment until two-and-one-half months after the default judgment was signed.

Contrary to the determination of the Supreme Court, any delay by the appellants in moving to vacate the default judgment amounted to, at the most, approximately one month from the time they should have become aware of it. Moreover, prior to the entry of the default judgment, the appellants had not defaulted in appearing, but were attempting to prepare a proper answer. The verified answer they ultimately submitted showed meritorious defenses to the action.

The delays involved were not very lengthy in light of the complicated investigation which the appellants had to complete in order to formulate a proper answer. Moreover, the petitioner has failed to show any proof of prejudice to himself beyond his conclusory allegations thereof.

We further note this Court's strong policy of permitting the parties to determine matters on their merits (see, Scagnelli v Pavone, 178 AD2d 590; 38 Holding Corp. v City of New York, 179 AD2d 486; Darrell v Yurchuk, 174 AD2d 557).

Under these circumstances, it was an improvident exercise of discretion to deny the appellants at least one last opportunity to serve an answer prior to directing entry of a default judgment. We therefore grant the appellants' motion to vacate the default judgment (see, 38 Holding Corp. v City of New York, supra; see also, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138).

The parties' remaining contentions are either without merit, or academic in light of this determination. Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.