■ FIRST NATIONWIDE BANK, Appellant, v AMARANTE PRETEL, Also Known as AMARANTO DePRETEL, et al., Respondents. [659 NYS2d 291] —In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated June 21, 1996, as, upon its motion for summary judgment, dismissed the complaint insofar as asserted against the defendants Amarante Pretel, First American Title Insurance Company of New York, Mela Alio, and "John" Alio, as abandoned, as the plaintiff had failed to seek leave to enter a timely default judgment against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the complaint is reinstated insofar as it is asserted against Amarante Pretel, First American Title Insurance Company of New York, Mela Alio, and "John" Alio.

Where a plaintiff fails to seek leave to enter a default judgment within one year after the default (CPLR 3215 [c]), he or she must offer a reasonable excuse for the delay and demonstrate that the complaint is meritorious (see, Manago v Giorlando, 143 AD2d 646). The plaintiff has met the standard in this case. The record contains absolutely no evidence to dispute the plaintiff's claim that the defendant, Amarante Pretel, defaulted on the mortgage in February 1986. Further, the existence of settlement discussions with Pretel constituted a reasonable excuse for the plaintiff's failure to seek leave to enter a judgment (see, Katz v Knoesel Serv. Ctr., 117 AD2d 781). Finally, there is no indication in the record that the defendants were in any way prejudiced by the plaintiff's delay (see, Katz v Knoesel Serv. Ctr., supra). Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.