■ ANNA BURGESS, Respondent, v BROOKLYN JEWISH HOSPITAL, Appellant. [707 NYS2d 462] —In an action to recover damages for personal injuries, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Friedman, J.), dated March 1, 1999, as denied, without prejudice to renewal upon proper papers, that branch of the plaintiff's motion which was for renewal of its motion to dismiss the complaint pursuant to CPLR 3012, and (2) from an order of the same court (Spodek, J.), dated June 15, 1999, which granted the plaintiff's second motion to renew and, upon renewal, denied the defendant's motion to dismiss the complaint.

Ordered that the appeal from the order dated March 1, 1999, is dismissed, as that order was superseded by the order dated June 15, 1999; and it further,

Ordered that the order dated June 15, 1999, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court providently exercised its discretion in granting the plaintiff's second motion for renewal, and, upon renewal, denying the defendant's motion to dismiss the complaint. The Supreme Court properly accepted law office failure as an excuse for the plaintiff's failure to timely serve a complaint in response to the defendant's demand therefor (see, CPLR 2005). Given the strong public policy in favor of resolving cases on the merits, the apparent merit to the instant action, the plaintiff's lack of intent to abandon the action, the lack of prejudice to the defendant caused by the plaintiff's delay in serving the complaint, and the fact that the plaintiff's delay in serving the complaint was not willful, the plaintiff should not be deprived of her day in court (see, Ryerson & Son v Petito, 133 AD2d 668; Rait v Bauer, 121 AD2d 704; Katz v Knoesel Serv. Ctr.,117 AD2d 781). Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.