■ Stacy LoBocchiaro, Respondent, v Inna Unger et al., Appellants. [725 NYS2d 229] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated November 16, 2000, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

There are issues of fact requiring the denial of summary judgment. Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.

■ Ivan Magliore, Respondent, v Coleman Barber et al., Appellants. [725 NYS2d 870] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Garson, J.), dated June 7, 2000, as granted that branch of the plaintiff's motion which for leave to vacate his default in failing to enter a judgment pursuant to CPLR 3215, denied their cross motion to dismiss the complaint, and upon, in effect, vacating their default in appearing or answering, *sua sponte,* directed them to interpose an answer within 30 days.

Ordered that the appeal from so much of the order as, *sua sponte,* directed the defendants to interpose an answer within 30 days is dismissed, as no appeal lies as of right from an order entered *sua sponte,* and leave to appeal has not been granted; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to vacate his default (*see, La Valle v Astoria Constr. & Paving Corp.,* 266 AD2d 28; *First Nationwide Bank v Pretel,* 240 AD2d 629; *Corbin v Wood Pro Installers,* 184 AD2d 234; *Rosenbaum v Ace Tr. Corp.,* 112 AD2d 210).

The defendants' remaining contentions are without merit. Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.