■ SCHILLER PANTALEON, ·Respondent, v MARLON OGILIVIE, Appellant, et al., Defendants. [804 NYS2d 766]—

In an action to recover damages for personal injuries, the defendant Marlon Ogilivie appeals from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated September 10, 2004, as granted that branch of the plaintiff's motion which was for leave to enter judgment against him upon his default in appearing or answering the complaint, and denied his cross motion to extend the time to answer and to compel the plaintiff to accept his late answer.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the branch of the motion which was for leave to enter judgment against the defendant Marlon Ogilivie upon his default in appearing or answering the complaint is denied, the cross motion is granted, and the answer annexed to the cross motion papers is deemed served upon the plaintiff.

Service of the summons and complaint on the defendant Marlon Ogilivie was made in May and June 2003 pursuant to CPLR 308 (2) and (4), respectively. On or about July 25, 2003, the plaintiff moved, inter alia, for leave to enter judgment against Ogilivie upon his default in appearing or answering the complaint. Ogilivie served an unverified answer on August 8, 2003, by regular mail sent to the plaintiff's attorney. Subsequently, Ogilivie cross-moved, inter alia, to compel acceptance of his answer, a copy of which was annexed to the cross motion, on the ground that it was not timely rejected pursuant to CPLR 3022.

The plaintiff's proof did not elaborate on the circumstances surrounding the "receipt" of the answer some 13 days after its mailing. Under these circumstances, the plaintiff did not suf-

ficiently establish timely rejection of the unverified answer (*see* CPLR 3022), and therefore, the Supreme Court improvidently exercised its discretion in denying Ogilivie an opportunity to serve an answer before directing entry of a default judgment against him (*see Matter of Kaufman v Board of Educ. of City School Dist. of City of N.Y.*, 210 AD2d 226 [1994]; *Rodriguez v L&S Sons*, 295 AD2d 492 [2002]; *Specialized Risk Mgt. v Cri-Bet Realty*, 307 AD2d 309 [2003]). Therefore, that branch of the plaintiff's motion which was for leave to enter judgment against Ogilivie should have been denied and the defendant's cross motion, inter alia, to compel the plaintiff to accept Ogilivie's answer should have been granted. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.