FLORA SANTIAGO, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [780 NYS2d 764]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated November 5, 2003, which granted that branch of the defendant's motion which was to vacate a prior order of the same court (Rappaport, J.), dated June 30, 2003, conditionally granting the plaintiff's motion pursuant to CPLR 3216 to strike the defendant's answer, inter alia, for failure to appear for an examination before trial pursuant to a preliminary conference order of the same court dated January 2, 2003.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and that branch of the defendant's motion which was to vacate the order dated June 30, 2003, is denied.

The Supreme Court issued a preliminary conference order dated January 2, 2003, at a conference at which the defendant did not appear, scheduling the depositions of all parties, a compliance date for discovery, and a compliance conference. After the defendant, inter alia, failed to appear for an examination before trial pursuant to the order dated January 2, 2003, the

plaintiff moved pursuant to CPLR 3216 to strike the answer. By order dated June 30, 2003, the Supreme Court conditionally granted the plaintiff's motion to strike the defendant's answer unless the defendant complied with all outstanding discovery demands. The defendant did not oppose the motion. By order to show cause dated September 15, 2003, the defendant moved, inter alia, to vacate the order dated June 30, 2003, asserting, among other things, that it did not receive timely notice of the plaintiff's motion to strike its answer. However, it did not controvert the plaintiff's affidavit of service.

To vacate its default, the defendant was required to demonstrate both a reasonable excuse for its default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Kolajo v City of New York*, 248 AD2d 512 [1998]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 568-569 [1997]; *see also Harper v Edwards*, 301 AD2d 627 [2003]; *Correa v Tscherne*, 296 AD2d 476 [2002]). While the determination of what constitutes a reasonable excuse for a default generally lies within the sound discretion of the trial court (*see Grutman v Southgate at Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]; *Bardales v Blades*, 191 AD2d 667, 668 [1993]), reversal is warranted where the trial court improvidently exercises its discretion (*see Roussodimou v Zafiriadis, supra* at 569). While "[t]he court has discretion to accept law-office failure as a reasonable excuse . . . 'a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis, supra* at 569, quoting *Gannon v Johnson Scale Co.*, 189 AD2d 1052 [1993] [citations omitted]; *see Incorporated Vil. of Hempstead v Jablonsky*, 283 AD2d 553 [2001]; *Espinal v City of New York*, 264 AD2d 806 [1999]; *Kolajo v City of New York, supra* at 512).

Here, the defendant's failure to appear for the preliminary conference on January 2, 2003, and to comply with the preliminary conference order of the same date, and its failure to respond to the plaintiff's motion to strike its answer or to promptly move to vacate the order dated June 30, 2003, constituted "a pattern of willful default and neglect" which cannot be excused (*Roussodimou v Zafiriadis, supra* at 569, quoting *Gannon v Johnson Scale Co.*, 189 AD2d 1052 [1993] [citations omitted]; *see Kolajo v City of New York, supra* at 512; *see also Incorporated Vil. of Hempstead v Jablonsky, supra* at 554; *Espinal v City of New York, supra* at 806).

Additionally, the defendant's affirmation in support of its motion failed to establish a meritorious defense (*Kolajo v City of New York, supra* at 513; *Peterson v Scandurra Trucking Co.*, 226 AD2d 691, 692 [1996]). Contrary to the defendant's conten-

tion, the allegations of the complaint were sufficiently specific that it was possible for it to demonstrate a meritorious defense prior to conducting discovery. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.