RAMESH SARVA et al., Respondents, v AMITAVA CHAKRAVORTY et al., Appellants. [789 NYS2d 231]—

In an action to recover on a mortgage note, the defendants appeal from an order of the Supreme Court, Queens County (Dye, J.), dated November 19, 2003, which denied their motion, in effect, to vacate their default in opposing the plaintiffs' motion, inter alia, to restore the case to the active calendar.

Ordered that the order is affirmed, with costs.

Although the Supreme Court erred in determining that the demand dated October 7, 1999, attached to the compliance conference order, and signed by the court and by the attorneys for both parties, did not constitute a valid 90-day demand (*see* CPLR 3216; *Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]; *Aguilar v Knutson*, 296 AD2d 562 [2002]), we nonetheless affirm the order appealed from on a different ground.

The defendants moved, in effect, to vacate their default in opposing the plaintiffs' motion to restore the case to the active calendar. Accordingly, the defendants were required to demonstrate a reasonable excuse for their default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393 [2004]; *Spells v A&P Supermarkets*, 253 AD2d 422 [1998]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 568-569 [1997]). The defendants failed to set forth a reasonable excuse for their failure to oppose the motion. Although the defendants' attorney claimed that he did not receive the plaintiffs' motion papers, his unsubstantiated excuse of nonreceipt was insufficient to rebut the proof that the motion papers were properly mailed and the presumption of receipt (*see* *Platonov v Sciabarra*, 305 AD2d 651 [2003]; *Matter of Aetna Life & Cas. Co. v Walker*, 255 AD2d 381, 382 [1998]; *European Am. Bank v Abramoff*, 201 AD2d 611, 612 [1994]). Cozier, J.P., S. Miller, Santucci and Fisher, JJ., concur.