■ Die Matic Products, Inc., Respondent, v Flair International Corporation, Appellant. [806 NYS2d 631]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk

County (Henry, J.), dated October 12, 2004, which denied its motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the complaint is dismissed.

The record contains proof that the defendant served the plaintiff with a 90-day notice pursuant to CPLR 3216 by certified mail. Having been served with the 90-day notice, the plaintiff was required to comply with it by timely filing a note of issue, or by moving, before the default date, to vacate the notice or to extend the 90-day period pursuant to CPLR 2004 (*see Sharpe v Osorio,* 21 AD3d 467, 468 [2005]; *McKinney v Corby,* 295 AD2d 580, 581 [2002]). The plaintiff failed to do either. The defendant moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

In opposition to the motion, the plaintiff's attorney argued, in relevant part, that "[t]o the best of [his] knowledge," the 90-day notice was never received by his office, that he "personally d[id] not recall" receiving the notice, and that he "looked through the file" but did not find the notice. The plaintiff's attorney acknowledged, however, that the notice "may have been received by [his] office in [his] absence" and that "it [was] possible that the Notice was mis-placed." The plaintiff's attorney's equivocal and unsubstantiated assertions failed to rebut the proof that the 90-day notice was properly mailed and the presumption of receipt (*see Sarva v Chakravorty,* 14 AD3d 689, 690 [2005]; *Platonov v Sciabarra,* 305 AD2d 651 [2003]; *Truscello v Olympia Constr.,* 294 AD2d 350, 351 [2002]).

To avoid dismissal, the plaintiff was required to demonstrate a justifiable excuse for the failure to comply with the 90-day notice and a meritorious cause of action (*see* CPLR 3216 [e]; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503 [1997]; *Werbin v Locicero,* 287 AD2d 617, 618 [2001]). The plaintiff failed to make that showing. Accordingly, the Supreme Court should have granted the motion to dismiss. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.