JOSHUA B. DIAMOND, Respondent, v JOSEPHINE VITUCCI et al., Appellants. [828 NYS2d 214]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Agate, J.), dated May 23, 2006, which granted the plaintiff's motion for an inquest on the issue of damages and denied their cross motion to vacate their default in opposing the plaintiff's motion pursuant to CPLR 3126 to strike their answer for failure to respond to a notice for discovery and inspection.

Ordered that the order is affirmed, with costs.

The plaintiff served the defendants with a notice for discovery and inspection on June 22, 2005. After the defendants failed to respond to the notice, the plaintiff moved pursuant to CPLR 3126 to strike the defendants' answer. By order dated September 9, 2005 the Supreme Court conditionally granted the plaintiff's unopposed motion to strike the answer unless the defendants responded to the discovery request within 30 days. By notice of motion dated March 20, 2006 the plaintiff moved for an inquest on the issue of damages, and the defendants cross-moved to vacate their default in opposing the plaintiff's motion to strike their answer.

To vacate their default in opposing the plaintiff's motion pursuant to CPLR 3126 to strike their answer, the defendants were required to demonstrate both a reasonable excuse for their default and a meritorious defense (see CPLR 5015 [a] [1]; Rockland Tr. Mix, Inc. v Rockland Enters., Inc., 28 AD3d 630 [2006]; Hageman v Home Depot U.S.A., Inc., 25 AD3d 760, 761 [2006]; Santiago v New York City Health & Hosps. Corp., 10 AD3d 393, 394 [2004]). The defendants failed to set forth a reasonable excuse for their failure to oppose the motion. Although the defendants' attorney claimed that his law firm did not

receive the plaintiff's motion papers, the denials of receipt of the motion by a mail clerk at the law firm were insufficient to overcome the presumption of a proper mailing and receipt flowing from the properly-executed affidavit of service by mail (*see Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Engel v Lichterman*, 62 NY2d 943, 944-945 [1984]; *Sarva v Chakravorty*, 14 AD3d 689, 690 [2005]). Furthermore, the defendants' failure to respond to the notice for discovery and inspection, to timely comply with the conditional order dated September 9, 2005, and to promptly move to vacate their default in opposing the plaintiff's motion to strike their answer constituted a pattern of wilful default and neglect which cannot be excused (*see Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Santiago v New York City Health & Hosps. Corp., supra* at 394; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]). Accordingly, the defendants' cross motion was properly denied and the plaintiff's motion was properly granted. Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.