■ Beyonn Glanville et al., Respondents, v Lets Care Again Daycare, Inc., Doing Business as Lets Care Daycare Center, et al., Appellants, et al., Defendant. [833 NYS2d 402]—

In an action to recover damages for personal injuries, etc., the defendants Lets Care Again Daycare, Inc., doing business as Lets Care Daycare Center, Deborah Roberts, and Owen Roberts appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated May 8, 2006, which granted the plaintiffs' motion to vacate an order of the same court dated February 18, 2005, granting the motion of the defendants Lets Care Again Daycare, Inc., doing business as Lets Care Daycare Center, Deborah Roberts, and Owen Roberts pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against them based upon the plaintiffs' failure to serve a bill of particulars, upon the plaintiffs' default in opposing their motion, and restored the action to the active calendar.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiffs' motion to vacate the order dated February 18, 2005 is denied.

To vacate the order dated February 18, 2005, entered upon the plaintiffs' default in opposing the appellants' motion pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against them, the plaintiffs were required to demonstrate both a reasonable excuse for their default and a meritorious cause of action (*see* CPLR 5015 [a] [1]; *Watson v New York City Tr. Auth.*, 38 AD3d 532 [2007]; *Echevarria v Waters*, 8 AD3d 330, 331 [2004]). Although the Court may, in its discretion, accept law office failure as a reasonable excuse (*see* CPLR 2005; *Putney v Pearlman*, 203 AD2d 333 [1994]), " 'a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997], quoting *Gannon v Johnson Scale Co.*, 189 AD2d 1052 [1993]). Here, the plaintiffs' attorney's failure to respond to the demand for a bill of particulars, to timely comply with the preliminary conference order dated September 14, 2004, and to oppose the appellants' motion to dismiss the complaint, and his further one-year delay in moving to vacate the order dated February 18, 2005, constituted a pattern of willful default and neglect that cannot be excused (*see Diamond v Vitucci*, 36 AD3d 650 [2007]; *Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]). Under these circumstances, the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion to vacate the order dated February 18, 2005, entered upon their default. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.