■ DREW TISHMAN ENTERPRISES, Respondent, v ROBERT MURRAY, Appellant. [842 NYS2d 720]—

In an action to recover a real estate brokerage commission, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated July 6, 2006, as, in effect, upon renewal and reargument, adhered to the original determination in an order dated August 11, 2005, denying his motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court entered November 24, 2004, which, upon his default in appearing at a compliance conference, was in favor of the plaintiff and against him in the principal sum of $26,608.62.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant did not demonstrate a reasonable excuse for his failure to respond to a notice of discovery and inspection, to comply with the preliminary conference order, to oppose the plaintiff's motion to strike the answer, and to appear at the compliance conference (*see Glanville v Lets Care Again Daycare, Inc.*, 40 AD3d 580, 581 [2007]; *Diamond v Vitucci*, 36 AD3d 650, 651 [2007]; *Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the judgment entered upon his default in appearing at the compliance conference. Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.