■ LAUREL CAPRIO et al., Appellants, v 1025 MANHATTAN AVENUE CORP., Doing Business as MARK BAR, et al., Respondents. [880 NYS2d 192]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated July 17, 2008, which granted the defendants' motion to vacate a prior order of the same court (Rothenberg, J.), dated February 7, 2008, granting the plaintiffs' unopposed motion pursuant to CPLR 3126 to strike the defendants' answers for failure to respond to court-ordered

disclosure, and upon vacatur, granted the plaintiffs' motion only conditionally.

Ordered that the order dated July 17, 2008 is reversed, on the law, with costs, and the defendants' motion to vacate the order dated February 7, 2008 is denied.

In order to vacate their default in opposing the plaintiffs' motion pursuant to CPLR 3126 to strike their answers, the defendants were required to demonstrate a reasonable excuse for their default and a meritorious defense to both the motion and the action (*see* CPLR 5015 [a] [1]; *Nowell v NYU Med. Ctr.,* 55 AD3d 573 [2008]; *Raciti v Sands Point Nursing Home,* 54 AD3d 1014 [2008]; *Simpson v Tommy Hilfiger U.S.A., Inc.,* 48 AD3d 389, 392 [2008]; *Diamond v Vitucci,* 36 AD3d 650 [2007]). The defendants failed to set forth a reasonable excuse for their default in opposing the plaintiffs' motion. Although the defendants' attorney claimed that he did not receive the plaintiffs' motion papers, his mere denial of receipt was insufficient to rebut the proof that the motion papers were properly mailed and the presumption of receipt arising from that proof (*see Kihl v Pfeffer,* 94 NY2d 118, 122 [1999]; *Diamond v Vitucci,* 36 AD3d 650 [2007]; *Philippi v Metropolitan Transp. Auth.,* 16 AD3d 654, 655 [2005]; *Sarva v Chakravorty,* 14 AD3d 689 [2005]; *Platonov v Sciabarra,* 305 AD2d 651 [2003]). The defendants also failed to demonstrate a meritorious defense to the motion to strike their answers by offering an adequate explanation for their failure to fully and timely respond to the plaintiffs' discovery demands and court directives requiring compliance with such demands (*see Howe v Jeremiah,* 51 AD3d 975 [2008]; *Watson v Hall,* 43 AD3d 435, 436 [2007]; *Devito v J & J Towing, Inc.,* 17 AD3d 624 [2005]). Under these circumstances, the defendants' motion to vacate the order dated February 7, 2008 should have been denied. Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.