◼ CHERYL-ANN POLLOCK, Appellant, v BRUCE MELTZER, Respondent. [909 NYS2d 914]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marber, J.), dated October 9, 2009, which denied her motion to vacate the dismissal of the action pursuant to CPLR 3216, restore the matter to the trial calendar, and extend the time to file a note of issue.

Ordered that the order is affirmed, with costs.

To vacate the dismissal of the action pursuant to CPLR 3216, the plaintiff was required to demonstrate a justifiable excuse for her failure to timely file a note of issue in response to a valid 90-day notice contained in a certification order issued by the Supreme Court, as well as a potentially meritorious cause of action (*see* CPLR 3216; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Serby v Long Is. Jewish Med. Ctr.*, 34 AD3d 441 [2006]; *Apicella v Estate of Apicella*, 305 AD2d 621 [2003]; *Aguilar v Knutson*, 296 AD2d 562 [2002]). The determination of a reasonable excuse lies within the trial court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569

[1997]). While "[t]he court has discretion to accept law-office failure as a reasonable excuse . . . 'a pattern of willful default and neglect' should not be excused" (*Roussodimou v Zafiriadis*, 238 AD2d at 569, quoting *Gannon v Johnson Scale Co.*, 189 AD2d 1052, 1052 [1993]; *see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d at 394; *Kolajo v City of New York*, 248 AD2d 512 [1998]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in rejecting law office failure as a reasonable excuse and, thus, in denying the plaintiff's motion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d at 394; *Kolajo v City of New York*, 248 AD2d at 512-513). Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.