▪ POLVXENI TSIKOTIS, Appellant, v PIONEER BUILDING CORPORATION et al., Respondents. [946 NYS2d 491]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), entered June 22, 2011, which denied her motion pursuant to CPLR 5015 to vacate an order of the same court entered June 28, 2010, granting the unopposed motion of the defendants for summary judgment dismissing the complaint, and a judgment of the same court entered thereon on August 17, 2010, in favor of the defendants and against her dismissing the complaint.

Ordered that the order entered June 22, 2011, is affirmed, with costs.

To vacate her default in opposing the defendants' motion for summary judgment dismissing the complaint, the plaintiff was required to demonstrate a reasonable excuse for her default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; *Roche v City of New York*, 88 AD3d 978, 979 [2011]; *Casali v Cyran*, 84 AD3d 711 [2011]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]). Under the circumstances of this case, the mere unsubstantiated assertion by the plaintiff's attorney that his office did not receive the defendants' motion papers was insufficient to rebut the properly executed affidavit of service attesting that the motion papers were properly mailed to the attorney's office address and the presumption of receipt arising from that proof (see *Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Engel v Lichterman*, 62 NY2d 943, 944-945 [1984]; *Caprio v 1025 Manhattan Ave. Corp.*, 63 AD3d 656, 657 [2009]; *Diamond v Vitucci*, 36 AD3d 650 [2007]; *Philippi v Metropolitan Transp. Auth.*, 16 AD3d 654, 655 [2005]). As the plaintiff failed to demonstrate a reasonable excuse for the default, the plaintiff's motion to vacate the order entered June 28, 2010, and the judgment entered thereon was properly denied.

In reaching this determination, we have not considered matter dehors the record (see *Poupis v Brown*, 90 AD3d 881, 883 [2011]; *Walia v Nassau County*, 61 AD3d 853, 855 [2009]; *Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]). Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.