In an action, inter alia, for a judgment declaring that the defendant breached its obligations pursuant to a lease between the parties by unreasonably delaying the repair and restoration of the subject premises subsequent to a fire, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 26, 2011, as granted the plaintiffs motion to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the matter to the trial calendar.
Ordered that the order is affirmed insofar as appealed from, with costs.
To vacate the dismissal of the action pursuant to CPLR 3216, the plaintiff was required to demonstrate a justifiable excuse for *854 its failure to timely file a note of issue in response to a valid 90-day notice contained in a certification order issued by the Supreme Court, as well as a potentially meritorious cause of action (see CPLR 3216; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; Pollock v Meltzer, 78 AD3d 677, 677 [2010]; Anjum v Karagoz, 48 AD3d 605, 605 [2008]). The determination of whether an excuse is reasonable lies within the trial court’s discretion (see Pollock v Meltzer, 78 AD3d at 677). Under the circumstances presented here, the Supreme Court providently exercised its discretion in accepting law office failure as a reasonable excuse. Further, the court properly determined that the plaintiff demonstrated the existence of a potentially meritorious cause of action (see Malcolm v Rite Aid of N.Y., Inc., 100 AD3d 837, 838 [2012]; cf. Fenner v County of Nassau, 80 AD3d 555, 556 [2011]; Petersen v Lysaght, Lysaght & Kramer, P.C., 47 AD3d 783, 784 [2008]; Lugauer v Forest City Ratner Co., 44 AD3d 829, 830 [2007]). Accordingly, the Supreme Court properly granted the plaintiffs motion to vacate the dismissal of the action pursuant to CPLR 3216 and to restore the matter to the trial calendar. Balkin, J.P., Leventhal, Sgroi and Miller, JJ., concur.