MARGARET RICE, Appellant, v VILLAGE OF FREEPORT et al., Respondents, et al., Defendants. [19 NYS3d 903]—

In an action, inter alia, to recover damages for false arrest, false imprisonment, and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered July 3, 2013, which denied her motion pursuant to CPLR 5015 to vacate an order of the same court dated November 19, 2012, granting the unopposed motion of the defendants Village of Freeport and Village of Freeport Police Officers William R. Luikart, Lt. Paul F. Jurgens, and P.O. Hall for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order entered July 3, 2013, is affirmed, with costs.

"In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (*Rocco v Family Foot Ctr.*, 94 AD3d 1077, 1079 [2012]; *see Estrada v Selman*, 130 AD3d 562, 562 [2015]; *Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557, 558 [2014]). "A motion to vacate a default is addressed to the sound discretion of the motion court" (*Braynin v Dunleavy*, 109 AD3d 571, 571 [2013]; *see Delvalle v Mercedes Benz USA, LLC*, 117 AD3d 893, 893 [2014]; *Strunk v Revenge Cab Corp.*, 98 AD3d 1029, 1029 [2012]). Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in concluding that she failed to demonstrate a reasonable excuse for her failure to oppose the motion of the defendants Village of Freeport and Village of Freeport Police Officers William R. Luikart, Lt. Paul F. Jurgens, and P.O. Hall (hereinafter collectively the Freeport defendants) after she had been granted numerous adjournments to submit opposition

papers (see Pollock v Meltzer, 78 AD3d 677, 678 [2010]; Diaz v Diaz, 71 AD3d 947, 948 [2010]). In addition, the plaintiff failed to demonstrate a potentially meritorious opposition to the Freeport defendants' motion.

In light of our determination, we need not address the plaintiff's remaining contentions. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.