CitiMortgage, Inc. v Etienne (2019 NY Slip Op 07048)





CitiMortgage, Inc. v Etienne


2019 NY Slip Op 07048


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-00935
 (Index No. 14111/14)

[*1]CitiMortgage, Inc., respondent, 
v
Marie Carmel Etienne, etc., appellant, et al., defendants.


C. Steve Okenwa, P.C., New York, NY (Steve C. Okenwa of counsel), for appellant.
David A. Gallo & Associates LLP, Roslyn Heights, NY (Jonathan M. Cohen and Jordan J. Manfro of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Marie Carmel Etienne appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 29, 2017. The order denied that defendant's motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her for failure to prosecute.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Marie Carmel Etienne pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her for failure to prosecute is granted.
This action, inter alia, to foreclose a mortgage was commenced on October 1, 2014. Nearly 14 months after the matter was released from the foreclosure settlement conference part on September 24, 2015, and nearly one year after filing an amended answer on November 25, 2015, the defendant Marie Carmel Etienne (hereinafter the defendant) served a 90-day notice pursuant to CPLR 3216 on November 12, 2016. The record contains evidence that the defendant served the plaintiff with a 90-day notice pursuant to CPLR 3216 by certified mail, along with a printout of the United States Postal Service tracking number. Having been served with the 90-day notice, the plaintiff was required to comply with it by timely filing a note of issue, or by moving, before the default date, to vacate the notice or to extend the 90-day period pursuant to CPLR 2004 (see CPLR 3216[c], [e]; Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 976; Kushmakova v Meadow Park Rehabilitation & Health Care Ctr., LLC, 56 AD3d 434). The plaintiff failed to do either.
The defendant moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against her for failure to prosecute. In opposition to the motion, the plaintiff's attorney argued, in relevant part, that "[u]pon information and belief, and after a diligent review of the firm's files, Plaintiff did not receive the Notice to Resume Prosecution purportedly mailed by Defendant's counsel." The plaintiff's attorney's unsubstantiated assertions failed to rebut the evidence that the 90-day notice was properly mailed and the presumption of receipt (see CPLR 2103[b][2]; Die Matic Prods., Inc. v Flair Intl. Corp., 23 AD3d 513; Sarva v Chakravorty, 14 AD3d 689).
To avoid dismissal, the plaintiff was required to demonstrate a justifiable excuse for the failure to comply with the 90-day notice and a potentially meritorious cause of action (see CPLR [*2]3216[e]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503; Deutsche Bank Natl. Trust Co. v Inga, 156 AD3d 760, 761; Die Matic Prods., Inc. v Flair Intl. Corp., 23 AD3d at 514). The plaintiff failed to make that showing. Accordingly, the Supreme Court should have granted the defendant's motion to dismiss the complaint insofar as asserted against her for failure to prosecute.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court