■ MARY GRUDER, Respondent, v. SYDELL GRUDER, as Executrix of BERNARD GRUDER, Deceased, Appellant.— In an action upon a promissory note, defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County, dated June 21, 1971, as denied her motion (1) to vacate (a) her default in appearing for trial and (b) the judgment entered upon the default and (2) to restore the case to the Trial Calendar. Order reversed, with $10 costs and disbursements to respondent, and motion granted to the extent of vacating the default and restoring the case to the Trial Calendar, upon the following terms and conditions: (1) the judgment shall stand as security; (2) the attorney for appellant shall personally pay $200 to the attorneys for respondent; and (3) $10 costs and disbursements awarded hereinabove upon the instant appeal herein shall be paid by appellant to the respondent. The payments provided for by this determination shall be made within 20 days after service of a copy of the order to be made hereon, with notice of entry. While the defense of lack of consideration was not shown to be available, defendant did show that her asserted defense of partial payment did have prima facie merit. Accordingly, it was error to deny absolutely defendant's motion to open her default. In our judgment, however, the conduct of the attorney for appellant failed to conform to the requirements of customary procedure and professional courtesy. While his conduct should not prevent his client from having her day in court, it cannot be glossed over by this court. For like reason respondent is entitled to the costs and disbursements of this appeal. Rabin, P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.