■ ST. PAUL FIRE & MARINE INSURANCE COMPANY, as Subrogee of JRS ADVERTISING, LTD., Doing Business as J. RICHARD SMITH, LTD., Respondent, v HMCC ASSOCIATES et al., Appellants, et al., Defendants. [658 NYS2d 635] —In an action by the plaintiff insurance company to recoup money paid to its subrogee for "unauthorized intrusion and theft of property", the defendants HMCC Associates, William Rechler, Donald Rechler, Roger Rechler d/b/a Reckson Associates, and 225 Broad-

hollow Road Associates, appeal (1) from an order of the Supreme Court, Nassau County (Dunne, J.), dated May 14, 1996, which granted the plaintiff's motion for a default judgment against them due to their default in timely answering the complaint, with leave to move to reopen their default within 30 days, (2) from so much of an order of the same court dated November 6, 1996, as granted the appellants' motion to vacate the default judgment only with regard to the defendant HMCC Associates, and (3) from so much of an order of the same court also dated November 6, 1996, as denied their motion to dismiss the plaintiff's complaint pursuant to CPLR 3211 (a) (4) based on another action pending between the parties.

Ordered that the appeal from the order dated May 14, 1996, is dismissed, since that order was superseded by the order dated November 6, 1996; and it is further,

Ordered that so much of the order dated November 6, 1996, as granted the appellants' motion to vacate the default judgment only with regard to the defendant HMCC Associates, is reversed insofar as appealed from, on the law, the motion is granted, and the default judgment is vacated with regard to all the appellants; and it is further,

Ordered that so much of the second order dated November 6, 1996, as denied the motion to dismiss the complaint pursuant to CPLR 3211 (a) (4), is affirmed; and it is further,

Ordered that the appellants are awarded one bill of costs.

It is well settled that a party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious defense (see, Putney v Pearlman, 203 AD2d 333). Under the circumstances of this case, the appellants' claim of law office failure satisfied the reasonable excuse requirement (see, CPLR 2005).

The plaintiff alleged, inter alia, that its subrogee's property was stolen due to the negligence of the appellants in securing the premises. However, the appellants submitted an affidavit from Patrick Kelly, a claims specialist employed by CNA Insurance Company, the insurance carrier for HMCC Associates, the building owner, and 225 Broadhollow Road Associates, the managing agent, which indicated that the theft had "the earmarks of an inside job". The appellants thus proffered a meritorious defense to the claims asserted against it. Since this defense applied equally to each of the appellants, the Supreme Court erred in vacating the default judgment only with regard to HMCC Associates.

Finally, the Supreme Court did not improvidently exercise

its discretion in denying the appellants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) *(see, Marcus Dairy v Jacene Realty Corp.,* 193 AD2d 653). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.