■ JOHN M. BELESI et al., Appellants, v IRINA GIFFORD et al., Respondents. [703 NYS2d 753] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated March 18, 1999, which granted the defendants' motion to vacate a judgment of the same court entered October 13, 1998, upon their failure to answer the complaint.

Ordered that the order is affirmed, with costs.

A party attempting to vacate a judgment entered on default must establish both a reasonable excuse for the default and a meritorious defense (*see, Putney v Pearlman,* 203 AD2d 333). A court may, in its discretion, accept a claim of law office failure as satisfying the reasonable-excuse requirement (*see, Putney v Pearlman, supra*; CPLR 2005).

The Supreme Court providently exercised its discretion in accepting law office failure as a reasonable excuse (*see, St. Paul Fire & Mar. Ins. Co. v HMCC Assocs.,* 239 AD2d 400). Contrary to the plaintiffs' contention, the defendants' conduct in relying on the representations of their former counsel did not constitute willful default and neglect under the circumstances of this case (*cf., Roussodimou v Zafiriadis,* 238 AD2d 568). Further, the defendants established that they have a meritorious defense to the action. Accordingly, the Supreme Court properly granted their motion to vacate the judgment. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.