■ JOSEPH DORIO, Appellant, v COUNTY OF SUFFOLK et al., Respondents. [871 NYS2d 369]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Rebolini, J.), dated June 7, 2007, which granted the unopposed motion of the defendants County of Suffolk, Suffolk County Transportation Division, and Joseph Parise, and the unopposed separate motion of the defendants Matthew Dower and D.L. Peterson Trust, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them for failure to comply with outstanding discovery, and (2) an order of the same court dated November 13, 2007, which denied his motion pursuant to CPLR 5015 (a) to vacate his default in opposing the motions to dismiss the complaint, vacate the order dated June 7, 2007, and restore the action to the pre-note of issue calendar.

Ordered that the appeal from the order dated June 7, 2007 is dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see* CPLR 5511; *Jampolskaya v*

*Victor Gomelsky, P.C.*, 36 AD3d 761 [2007]; *Matter of Kondra-tyeva v Yapi*, 13 AD3d 376 [2004]); and it is further,

Ordered that the order dated November 13, 2007 is reversed, on the facts and in the exercise of discretion, the plaintiff's motion to vacate his default in opposing the motion of the defendants County of Suffolk, Suffolk County Transportation Division, and Joseph Parise, and the separate motion of the defendants Matthew Dower and D.L. Peterson Trust, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them is granted, the order dated June 7, 2007 is vacated, and the matter is restored to the pre-note of issue calendar; and it is further,

Ordered that one bill of costs is awarded to the appellant by the respondents appearing separately and filing separate briefs.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to vacate his default in opposing the defendants' motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them, to vacate the order entered upon his default, and to restore the action to the pre-note of issue calendar. Under the circumstances of this case, the plaintiff demonstrated a reasonable excuse for his default (*see* CPLR 5015 [a] [1]) by showing that the default resulted from documented law office failure (*see Moore v Day*, 55 AD3d 803 [2008]). The defendants did not establish that the failure of the plaintiff's counsel was either intentional or part of a pattern of willful default or neglect (*see Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389 [2008]; *Montefiore Med. Ctr. v Hartford Acc. & Indem. Co.*, 37 AD3d 673 [2007]). Moreover, the plaintiff established the existence of a meritorious cause of action (*see Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d at 389; *St. Rose v McMorrow*, 43 AD3d 1146 [2007]; *Rockland Tr. Mix, Inc. v Rockland Enters., Inc.*, 28 AD3d 630 [2006]; *Henry v Kuveke*, 9 AD3d 476 [2004]; *Parker v City of New York*, 272 AD2d 310 [2000]).

Accordingly, the plaintiff's motion should have been granted. Florio, J.P., Covello, Balkin and Leventhal, JJ., concur.