■ L&L Auto Distributors and Suppliers Inc. et al., Appellants, v Auto Collection, Inc., et al., Respondents. [925 NYS2d 151]—

In an action, inter alia, to recover damages for breach of contract and conversion, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Demarest, J.), dated April 7, 2010, which denied their motion to vacate a prior order of the same court dated February 24, 2010, granting the defendants' motion to strike the complaint pursuant to CPLR 3126 for willful failure to provide discovery, upon their failure to oppose the motion and their failure to appear at the call of the calendar, and (2) an order of the same court dated August 11, 2010, which denied their motion, in effect, for leave to reargue their motion to vacate the order dated February 24, 2010.

Ordered that the appeal from the order dated August 11, 2010, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 7, 2010, is reversed, on the facts and in the exercise of discretion, without costs or

disbursements, the plaintiffs' motion to vacate the order dated February 24, 2010, is granted, on condition that the plaintiffs pay the sum of $5,000 to the defendant, and thereupon, the defendants' motion to strike the complaint pursuant to CPLR 3126 for willful failure to provide discovery is denied; and it is further,

Ordered that in the event that the plaintiffs do not pay the sum of $5,000 to the defendants within 30 days after service of a copy of this decision and order by the defendants upon the plaintiffs, the order dated April 7, 2010, is affirmed.

By preliminary conference order dated July 8, 2009, the Supreme Court directed, inter alia, that all responses to discovery and inspection were to be served by September 15, 2009. In December 2009, the defendants moved to strike the complaint pursuant to CPLR 3126 for the plaintiffs' willful failure to respond to their discovery demands. On January 13, 2010, the attorneys for the parties appeared in open court, and the motion was adjourned since the plaintiffs' former attorney had in the interim supplied "almost a thousand pages of documents" to defense counsel. However, the plaintiffs' former attorney neither submitted opposition to the motion to strike nor appeared in court on the adjourned date of February 24, 2010. At that time, the Supreme Court stated "[t]his is a default now," and issued an order dated February 24, 2010 (hereinafter the February 2010 order) granting the defendants' motion to strike the complaint pursuant to CPLR 3126. Thereafter, in an order dated April 7, 2010, the Supreme Court denied the plaintiffs' motion to vacate the February 2010 order. The plaintiffs, inter alia, made another motion to vacate the February 2010 order. In an order dated August 11, 2010, the Supreme Court denied the motion, deeming it to be one for leave to reargue.

To prevail on their motion to vacate their default, the plaintiffs were required to demonstrate both a reasonable excuse for their default in opposing the motion (*see* CPLR 5015 [a] [1]), as well as potentially meritorious opposition to the defendants' CPLR 3126 motion (*see Tutt v City of Yonkers*, 11 AD3d 532 [2004]). Under the circumstances of this case, the plaintiffs established a reasonable excuse for their default based on their former attorney's law office failure (*see* CPLR 2005; *see also Piton v Cribb*, 38 AD3d 741 [2007]).

The plaintiffs also demonstrated that they had a potentially meritorious opposition to the defendants' motion, as their delay in fully complying with the defendants' discovery requests was neither willful nor contumacious (*see* CPLR 3126; *Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007];

*Resnick v Schwarzkopf*, 41 AD3d 573 [2007]; *Prappas v Papadatos*, 38 AD3d 871, 872 [2007]; *Russo v Tolchin*, 35 AD3d 431 [2006]). Accordingly, in light of these considerations, and mindful of the strong public policy which favors resolution of cases on their merits, we conclude that the "drastic remedy" of striking the complaint in this case was unwarranted (*A.F.C. Enters., Inc. v New York City School Constr. Auth.*, 33 AD3d 737 [2006]; *see Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]).

Nonetheless, the plaintiffs' conduct during discovery cannot be countenanced. Consequently, under all of the facts and circumstances, a monetary sanction in the sum of $5,000 is warranted to compensate the defendants for the time expended and costs incurred in connection with the plaintiffs' failure to fully and timely comply with discovery (*see Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798 [2010]; *Messer v Keyspan Energy Delivery, Inc.*, 56 AD3d 738, 738-739 [2008]; *Dean v Usine Campagna*, 44 AD3d 603, 605 [2007]).

The parties' remaining contentions are without merit, or need not be addressed in light of our determination herein. Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.