■ INOCENCIO INFANTE, Appellant, v BRESLIN REALTY DEVELOPMENT CORP., Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. TOYS "R" US, Doing Business as BABIES "R" US, et al., Third-Party Defendants-Respondents. [944 NYS2d 608]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered July 14, 2010, which denied his motion to vacate a prior order of the same court dated August 11, 2008, granting the unopposed motion of the defendant Breslin Realty Development Corporation pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it

based upon his failure to comply with, inter alia, court-ordered discovery, and to restore the action to active status. The appeal brings up for review so much of an order of the same court dated April 29, 2011, as, upon reargument, adhered to the original determination in the order entered July 14, 2010 (*see* CPLR 5517 [b]).

Ordered that the appeal from the order entered July 14, 2010, is dismissed, as that order was superseded by the order dated April 29, 2011, made upon reargument; and it is further,

Ordered that the order dated April 29, 2011, is reversed insofar as reviewed, on the facts and in the exercise of discretion, and, upon reargument, the order entered July 14, 2010, is vacated, and thereupon, the plaintiff's motion to vacate the order dated August 11, 2008, and to restore the action to active status is granted, the order dated August 11, 2008, is vacated, and the motion of the defendant Breslin Realty Development Corporation pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against it is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In order for the plaintiff to prevail on his motion to vacate his default in opposing the motion of the defendant Breslin Realty Development Corp. (hereinafter Breslin) to dismiss the complaint insofar as asserted against it pursuant to CPLR 3126 due to the plaintiff's failure to comply with, inter alia, court-ordered discovery, the plaintiff was required to demonstrate a reasonable excuse for his default (*see* CPLR 5015 [a] [1]) and the existence of a potentially meritorious opposition to Breslin's motion (*see Dokaj v Ruxton Tower Ltd. Partnership*, 91 AD3d 812, 813 [2012]; *New Seven Colors Corp. v White Bubble Laundromat, Inc.*, 89 AD3d 701, 702 [2011]; *L&L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc.*, 85 AD3d 734, 735 [2011]; *Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030, 1032 [2011]; *Bazoyah v Herschitz*, 79 AD3d 1081 [2010]). The determination of what constitutes a reasonable excuse lies within the court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]). The court has the discretion to accept law office failure as a reasonable excuse (*see* CPLR 2005; *Henry v Kuveke*, 9 AD3d 476, 479 [2004]).

The plaintiff demonstrated a reasonable excuse for his default in opposing Breslin's motion to dismiss the complaint insofar as asserted against it. By notice of motion dated July 23, 2007, Breslin moved to dismiss the complaint. Thereafter, one of the

third-party defendants moved to dismiss Breslin's third party complaint and the defendant Modell's Sporting Goods, Inc. (hereinafter Modell's), moved to dismiss the complaint insofar as asserted against it. The plaintiff opposed Modell's motion but did not oppose Breslin's motion. In support of the plaintiff's motion, counsel for the plaintiff contended that he thought that Breslin would be withdrawing its motion, since he provided all outstanding discovery to Breslin around the same time that Breslin filed its motion. Further, before the motions of Breslin and Modell's were decided, the parties conducted examinations before trial and the plaintiff served a response pursuant to CPLR 3101 (d).

The plaintiff's counsel's excuse of law office failure for not opposing Breslin's motion while opposing Modell's motion was credible and, under the circumstances, should have been deemed adequate to excuse the plaintiff's default (*see Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d at 1032; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]; *see also Braswell v Schaffler*, 12 AD3d 474, 475 [2004]). Moreover, the plaintiff demonstrated the existence of a potentially meritorious opposition to Breslin's motion to dismiss the complaint based upon his substantial compliance with discovery demands (*see Newell v Ford Motor Credit Co.*, 36 AD3d 675, 675-676 [2007]). In addition, Breslin did not oppose the plaintiff's motion to vacate his default and to restore the action to active status (*see Dorio v County of Suffolk*, 58 AD3d 594, 595 [2009]).

Further, that branch of the plaintiff's motion which was to restore the action to active status should have been granted, since the record was devoid of evidence of a pattern of persistent neglect by the plaintiff to prosecute or an intent to abandon the action (*see Piszczatowski v Hill*, 93 AD3d 707 [2012]; *Dorio v County of Suffolk*, 58 AD3d at 595).

Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate his default and to restore the action to active status. Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.