■ SHAUNE MUIR, Appellant, v NAKIA S. COLEMAN, Formerly Known as KIA SHINE, Respondent. [949 NYS2d 631]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 18, 2011, which granted the defendant's motion pursuant to CPLR 5015 to vacate his default in failing to comply with certain court orders.

Ordered that the order is affirmed, without costs or disbursements.

To vacate his default, the defendant was required to demonstrate a reasonable excuse for the default and a potentially meritorious defense (*see Infante v Breslin Realty Dev. Corp.*, 95 AD3d 1075 [2012]; *Swensen v MV Transp., Inc.*, 89 AD3d 924, 925 [2011]; *L&L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc.*, 85 AD3d 734 [2011]). A court may, in its discretion, accept a claim of law office failure as satisfying the reasonable excuse requirement (*see* CPLR 2005; *Goldstein Meadows Redevelopment Co Owners Corp. I*, 46 AD3d 509, 511 [2007]). Here, the defendant demonstrated that his default in complying with certain court orders was due to law office failure. Contrary to the plaintiff's contention, the defendant's conduct in relying on the representations of his former counsel did not constitute a willful default or neglect under the circumstances of this case (*see Gironda v Katzen*, 19 AD3d 644, 645 [2005]; *Belesi v Gifford*, 269 AD2d 552 [2000]; *cf. Bazoyah v Herschitz*, 79 AD3d 1081, 1082 [2010]). Further, the defendant demonstrated a potentially meritorious defense (*see Karamuco v Cohen*, 90 AD3d 998 [2011]; *cf. Swensen v MV Transp., Inc.*, 89 AD3d at 925).

The plaintiff's remaining contention is without merit. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.