In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated February 24, 2009, as denied her motion denominated, inter alia, as one for leave to reargue, but which was, in actuality, one to vacate a prior order of the same court dated May 19, 2008, granting the unopposed motion of the defendants Staten Island University Hospital, Frank Loh, and Robert LaEenna pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them based on the plaintiffs failure to comply with discovery demands.
Ordered that the order dated February 24, 2009, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action in 2001, alleging that she sustained injuries while undergoing a lumbar puncture. Issue was joined by service of separate answers with discovery demands by the defendants Staten Island University Hospital, Frank Loh, and Robert LaPenna (hereinafter collectively the hospital defendants). In 2008, the hospital defendants moved pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them based on the plaintiff’s failure to comply with discovery demands. The plaintiff did not oppose the motion or appear for oral argument on the motion. In an order dated May 19, 2008, the Supreme Court granted the hospital defendants’ unopposed motion. Thereafter, the plaintiff purportedly moved, inter alia, for leave to reargue her opposition to the hospital defendants’ motion and, in effect, to vacate the order. In an order dated February 24, 2009, the Supreme Court treated the plaintiffs motion as one for leave to reargue and, in effect, *662 granted reargument and, upon reargument, adhered to its original determination. However, since the order dated May 19, 2008, was entered upon the plaintiffs default in opposing the hospital defendants’ motion, the Supreme Court should have treated the plaintiffs’ motion solely as a motion to vacate.
Although the Supreme Court incorrectly treated the plaintiffs motion as one for leave to reargue, it nonetheless providently exercised its discretion in denying the motion. “A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion” (Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d 812, 813 [2012]; see CPLR 5015 [a] [1]; Smyth v Getty Petroleum Mktg., Inc., 103 AD3d 790 [2013]; Infante v Breslin Realty Dev. Corp., 95 AD3d 1075 [2012]; New Seven Colors Corp. v White Bubble Laundromat, Inc., 89 AD3d 701 [2011]; L&L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc., 85 AD3d 734 [2011]; Bazoyah v Herschitz, 79 AD3d 1081 [2010]). Here, even if the plaintiff proffered a reasonable excuse for her default, she failed to demonstrate a potentially meritorious opposition to the motion (see Dokaj v Ruxton Tower Ltd. Partnership, 91 AD3d at 814; New Seven Colors Corp. v White Bubble Laundromat, Inc., 89 AD3d at 702; Bazoyah v Herschitz, 79 AD3d at 1082). Accordingly, the plaintiff was not entitled to vacatur of the order dated May 19, 2008.
The plaintiffs remaining contentions are without merit. Dillon, J.P., Chambers, Roman and Cohen, JJ., concur.
Motion by the respondents, inter alia, on an appeal from an order of the Supreme Court, Richmond County, dated February 24, 2009, to dismiss the appeal on the ground that no appeal lies from an order denying reargument or resettlement. By decision and order on motion of this Court dated August 5, 2009, that branch of the motion which is to dismiss the appeal on the ground that no appeal lies from an order denying reargument or resettlement was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the branch of the motion which is to dismiss the appeal from the order dated February 24, 2009, is denied. Dillon, J.P., Chambers, Roman and Cohen, JJ., concur.