*915 In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 18, 2012, which granted the defendants’ motion to vacate a judgment of the same court dated April 23, 2012, which, upon an order dated August 29, 2011, granting the plaintiffs unopposed motion for summary judgment on the complaint, and upon an order dated February 15, 2012, granting that branch of the plaintiffs motion which was to modify the prior order dated August 29, 2011, was in favor of him and against the defendants in the total sum of $505,285.59.
Ordered that the order dated October 18, 2012, is affirmed, with costs.
To vacate the judgment entered upon their failure to oppose the plaintiff’s motion for summary judgment, the defendants were required to demonstrate a reasonable excuse for their default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Herrera v MTA Bus Co., 100 AD3d 962, 963 [2012]; Tsikotis v Pioneer Bldg. Corp., 96 AD3d 936 [2012]; Walker v Mohammed, 90 AD3d 1034 [2011]). The Supreme Court may, in its discretion, accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue (see Swensen v MV Transp., Inc., 89 AD3d 924, 925 [2011]; Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1032 [2011]; Henry v Kuveke, 9 AD3d 476, 479 [2004]). Under the circumstances of this case, and based on the evidence in the record, the defendants demonstrated that their failure to oppose the plaintiff’s motion for summary judgment on the complaint was due to their former attorney’s law office failure (see Muir v Coleman, 98 AD3d 569, 570 [2012]; L&L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc., 85 AD3d 734, 735 [2011]; Gironda v Katzen, 19 AD3d 644, 645 [2005]; Belesi v Gifford, 269 AD2d 552 [2000]). Furthermore, while the defendants’ former attorney failed to appear at a court conference that resulted in the issuance of an order dated February 15, 2012, upon which the subject default judgment was subsequently entered, there is no evidence that the defendants were placed on notice that their former attorney was not going to appear or that he was no longer representing them (see CPLR 321 [b] [2]). Moreover, the defendants moved to vacate the subject default judgment shortly after it was entered and they obtained new counsel, and they demonstrated a potentially meritorious opposition to the plaintiffs motion for summary judgment on the *916 complaint (see Gruder v Gruder, 38 AD2d 587 [1971]; cf. Sacco v Sutera, 266 AD2d 446, 447 [1999]; Phillips v Cioffi, 204 AD2d 94, 95 [1994]; Inter Bus. Mktg. v Kronengold, 135 AD2d 474 [1987]). Accordingly, the Supreme Court providently exercised its discretion in granting the defendants’ motion to vacate the subject default judgment. Dillon, J.E, Leventhal, Chambers and Miller, JJ., concur.