■ MADONNA MANAGEMENT SERVICES, INC., Respondent, v R.S. NAGHAVI M.D. PLLC, Also Known as R.S. NEGHAVI, M.D. PLLC, et al., Appellants. [999 NYS2d 858]—

In an action, inter alia, to recover on an account stated, the defendants appeal from (1) so much of an order of the Supreme Court, Nassau County (Sher, J.), entered November 4, 2013, as denied that branch of their motion which was pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated June 5, 2013, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendants in the principal

sum of $65,220, and to restore the action to the trial calendar, and (2) a judgment of the same court entered November 27, 2013, which, upon the order entered November 4, 2013, is in favor of the plaintiff and against them in the total sum of $89,000.20.

Ordered that the appeal from the order entered November 4, 2013, is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) to vacate the order dated June 5, 2013, and to restore the action to the trial calendar is granted, and the order entered November 4, 2013, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order entered November 4, 2013, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In an order dated March 14, 2013, the Supreme Court conditionally struck the answer unless the defendants appeared for a conference on April 16, 2013. When the defendants failed to appear for the conference on April 16, 2013, the court granted the plaintiff's application to strike the answer. Thereafter, the plaintiff moved pursuant to CPLR 3215 for leave to enter judgment against the defendants for a sum certain. The defendants failed to oppose the plaintiff's motion, and the motion was granted by order dated June 5, 2013.

To vacate the order dated June 5, 2013, entered upon their failure to oppose the plaintiff's motion, the defendants were required to demonstrate both a reasonable excuse for their default and a potentially meritorious defense to the motion (*see* CPLR 5015 [a] [1]; *Carillon Nursing & Rehabilitation Ctr., LLP v Fox*, 118 AD3d 933, 934 [2014]; *Schenk v Staten Is. Univ. Hosp.*, 108 AD3d 661, 662 [2013]; *Caprio v 1025 Manhattan Ave. Corp.*, 63 AD3d 656, 657 [2009]). The determination of what constitutes a reasonable excuse generally lies within the sound discretion of the trial court (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]).

Here, the defendants have provided a "detailed and credible"

explanation for their failure to appear at the scheduled conference (*Henry v Kuveke*, 9 AD3d 476, 479 [2004]; *see* CPLR 2005; *Gironda v Katzen*, 19 AD3d 644, 645 [2005]). Miscommunications that occurred between the defendants, the defendants' previous counsel, and the defendants' newly retained attorney constituted a law office failure. Furthermore, the defendants have demonstrated a potentially meritorious defense. Accordingly, under the circumstances of this case, it was an improvident exercise of discretion for the Supreme Court to deny that branch of the defendants' motion which was to vacate the order dated June 5, 2013, and to restore the action to the trial calendar (*see Infante v Breslin Realty Dev. Corp.*, 95 AD3d 1075 [2012]; *Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030, 1032 [2011]). Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.