■ CHERYL M. MOLLICA, Respondent, v WILLIAM A. RUZZA, JR., et al., Defendants, and SYNERGIX FUNDING GROUP, LLC, Appellant. [54 NYS3d 678]—

In an action to quiet title to real property, the defendant Synergix Funding Group, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 6, 2016, as granted that branch of the plaintiff's motion which was pursuant to CPLR 2005 and 5015 (a) (1) to vacate so much of a prior order of the same court dated April 15, 2016, as granted that branch of its unopposed motion which was pursuant to CPLR 3126 to strike the complaint insofar as asserted it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action to quiet title to real property, the plaintiff moved, inter alia, pursuant to CPLR 2005 and 5015 (a) (1) to vacate so much of an order dated April 15, 2016, as granted that branch of the unopposed motion of the defendant Synergix Funding Group, LLC (hereinafter the defendant), which was pursuant to CPLR 3126 to strike the complaint insofar as asserted against it. The Supreme Court granted that branch of the plaintiff's motion, and the defendant appeals.

To prevail on her motion to vacate her default, the plaintiff was required to demonstrate both a reasonable excuse for her default in opposing the defendant's motion, as well as a potentially meritorious opposition to the subject branch of the motion (*see* CPLR 5015 [a] [1]; *Infante v Breslin Realty Dev. Corp.*, 95 AD3d 1075, 1076 [2012]; *L&L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc.*, 85 AD3d 734, 735 [2011]; *Dorio v County of Suffolk*, 58 AD3d 594, 595 [2009]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, and in exercising that discretion, the court may accept law office failure as an excuse (*see* CPLR 2005; *Glukhman v Bay 49th St. Condomin-*

*ium, LLC,* 100 AD3d 594 [2012]; *Infante v Breslin Realty Dev. Corp.,* 95 AD3d at 1076). However, law office failure should not be excused where a default results not from an isolated, inadvertent mistake, but from repeated neglect (*see Glukhman v Bay 49th St. Condominium, LLC,* 100 AD3d at 595).

Here, the plaintiff demonstrated a reasonable excuse, based upon law office failure, for her default in opposing the defendant's motion (*see* CPLR 2005, 5015 [a] [1]; *Infante v Breslin Realty Dev. Corp.,* 95 AD3d at 1076; *L&L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc.,* 85 AD3d at 735; *Dorio v County of Suffolk,* 58 AD3d at 595). The plaintiff also demonstrated that she had a potentially meritorious opposition to the subject branch of defendant's motion.

Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was pursuant to CPLR 2005 and 5015 (a) (1) to vacate so much of the prior order as granted that branch of the defendant's unopposed motion which was pursuant to CPLR 3126 to strike the complaint insofar as asserted it. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.