Government Employees Ins. Co. v Avenue C Med., P.C. (2018 NY Slip Op 08010)





Government Employees Ins. Co. v Avenue C Med., P.C.


2018 NY Slip Op 08010


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-01219
 (Index No. 15939/13)

[*1]Government Employees Insurance Company, et al., respondents, 
v
Avenue C Medical, P.C., et al., defendants, Salehin Sayeedus, etc., et al., appellants.


Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti and David M. Gottlieb of counsel), for appellants.
Freiberg, Peck & Kang, LLP, Armonk, NY (Yilo J. Kang of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the defendants Salehin Sayeedus, also known as Salehin Sayeedus Suman, Jose Carmen Ma Donna Gloria, also known as Carmen Maria Donna Jose, and Zhi-Yuan Zhong appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated September 29, 2015. The order denied those defendants' motion pursuant to CPLR 5015(a) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiffs to accept their late answers.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the motion of the defendants Salehin Sayeedus, also known as Salehin Sayeedus Suman, Jose Carmen Ma Donna Gloria, also known as Carmen Maria Donna Jose, and Zhi-Yuan Zhong pursuant to CPLR 5015(a) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) to compel the plaintiffs to accept their late answers is granted, and those defendants' verified answers are deemed served.
This action, inter alia, to recover damages for fraud and unjust enrichment based on alleged fraudulent billing practices was commenced by the filing of a summons and complaint in September 2013. The parties do not dispute that service of process was properly made upon all of the defendants. However, although all of the defendants in this action are represented by the same counsel, answers were timely served for only three of the defendants. The defendants Salehin Sayeedus, also known as Salehin Sayeedus Suman, Jose Carmen Ma Donna Gloria, also known as Carmen Maria Donna Jose, and Zhi-Yuan Zhong (hereinafter collectively the defaulting defendants) defaulted in appearing and, in April 2014, the plaintiffs filed a motion for leave to enter a default judgment against the defaulting defendants. The motion was unopposed, and was granted on July 23, 2014. In October 2014, the defaulting defendants moved to vacate their default and to compel acceptance of their late answers, asserting that their default was due to law office failure. In support of their motion, the defaulting defendants submitted affidavits from the defendants' former and present counsel, in which counsel stated that the failure to serve timely answers on behalf of the [*2]defaulting defendants was due to a miscommunication between the defendants' former and present counsel, upon the transfer of the defendants' case to their present counsel, regarding the nature of the representation. The Supreme Court denied the motion, and the defaulting defendants appeal.
"A party seeking to vacate a default in appearing or answering pursuant to CPLR 5015(a)(1), and thereupon to serve a late answer, must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Hamilton Pub. Relations v Scientivity, LLC, 129 AD3d 1025, 1025). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court, and in the exercise of that discretion, the court may accept law office failure as an excuse (see CPLR 2005; Molica v Ruzza, 151 AD3d 714; Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC, 123 AD3d 986). Here, the defaulting defendants demonstrated a reasonable excuse, based upon law office failure arising from a miscommunication between their former counsel and their present counsel, for their default in answering the complaint or otherwise appearing in the action (see Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC, 123 AD3d at 986; see also Lotz v Westbourne Apts., Inc., 159 AD3d 810).
The defaulting defendants also demonstrated that they had a potentially meritorious defense. The defaulting defendants submitted affidavits in support of their motion describing their office services and billing practices, in which they stated, among other things, that their patients were required to sign statements acknowledging the treatments that they had received. The defaulting defendants also averred in the affidavits that they did not bill for services that were not rendered (see Northeast Steel Prods., Inc. v John Little Designs, Inc., 80 AD3d 585; cf. Nahal v C & S Bldg. Materials, 116 AD2d 822).
Under the circumstances here, particularly in light of the evidence that the defaulting defendants' delay was not willful, the lack of prejudice to the plaintiffs resulting from the defaulting defendants' short delay in appearing and seeking to answer the complaint, the existence of a potentially meritorious defense, and the strong public policy favoring the resolution of cases on the merits, the Supreme Court improvidently exercised its discretion in denying the defaulting defendants' motion to vacate their default and to compel the plaintiffs to accept their late answers (see CPLR 2005, 3012[d]; 5015[a][1]; Yongjie Xu v JJW Enters., Inc., 149 AD3d 1146; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784; Arteaga v Adom Rental Transp., Inc., 121 AD3d 931; Schmidt v City of New York, 50 AD3d 664).
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court