Mid-Hudson Props., Inc. v Klein (2018 NY Slip Op 08638)





Mid-Hudson Props., Inc. v Klein


2018 NY Slip Op 08638


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2016-10552
 (Index No. 50818/15)

[*1]Mid-Hudson Properties, Inc., appellant, 
v
Steven Klein, et al., defendants, Michael Varble, et al., respondents.


The Dweck Law Firm, LLP, New York, NY (Jack S. Dweck of counsel), for appellant.
Corbally, Gartland & Rappleyea, LLP, Poughkeepsie, NY (Brooke D. Youngwirth of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James W. Hubert, J.), dated September 19, 2016. The order, insofar as appealed from, granted the motion of the defendant Michael Varble to vacate a prior order of the same court (James V. Brands, J.) dated April 6, 2016, and a judgment of the same court (James V. Brands, J.) dated April 14, 2016, entered upon his failure, inter alia, to appear at a court-ordered discovery status conference.
ORDERED that the order dated September 19, 2016, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, among other things, to recover damages for the defendants' alleged breach of a lease for premises located in Poughkeepsie. The complaint also asserted a cause of action under the New York Debtor and Creditor Law alleging a fraudulent transfer, with the intent to hinder, delay, and defraud the plaintiff, or to avoid paying monies owed to the plaintiff for outstanding rent.
The plaintiff initially leased a portion of the premises to the defendants Steven Klein and Michael Varble, and nonparty Kevin Greco for the purpose of their conducting a law practice as the defendant law firm of Klein Varble & Greco, P.C. (hereinafter KVG, P.C.), pursuant to a five-year lease dated July 7, 2011. The lease was signed by Klein, Varble, and Greco in their individual capacities. On December 1, 2011, a "modification of lease" was signed by the plaintiff and Greco, in his capacity as KVG, P.C.'s managing partner, wherein KVG, P.C., agreed to lease a greater portion of the premises than had been leased by the parties to the original lease. During the term of the lease, KVG, P.C., was dissolved upon the departure and disbarment of Greco. KVG, P.C., stopped paying rent in August 2013, and vacated the premises. The defendant Klein Varble & Associates, P.C., was formed and operated their business elsewhere. The plaintiff seeks the monies allegedly owed to it for the remainder of the lease term.
During the course of pretrial discovery, the plaintiff moved, inter alia, to strike the [*2]defendants' answer for failure to comply with the plaintiff's discovery demands. The motion was unopposed. In an order dated February 10, 2016, the Supreme Court granted the motion to the extent of directing that the defendants' answer would be stricken unless the defendants served discovery responses within 30 days after the date of the order and unless the individual defendants appeared for depositions within 30 days after such discovery responses were served. At an April 4, 2016, conference, the plaintiff made an oral application to strike the defendants' answer pursuant to CPLR 3126 and pursuant to the order dated February 10, 2016. In an order dated April 6, 2016, the court, noting that Varble failed to oppose the plaintiffs' prior motion to strike the defendants' answer, failed to comply with, inter alia, the February 10, 2016, order, and failed to appear at a court-ordered status conference on April 5, 2016, granted that branch of the plaintiff's oral application which was to strike the answer insofar as asserted on behalf of Varble and granted the plaintiff leave to enter a default judgment against Varble. Varble moved to vacate his default and to reinstate the answer insofar as asserted on behalf of Varble. The court granted Varble's motion, and the plaintiff appeals.
A defendant seeking to vacate an order or judgment entered upon a default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see Cox v Marshall, 161 AD3d 1140; Stein v Davidow, Siegel & Stern, LLP, 157 AD3d 741; Katz v Marra, 74 AD3d 888). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see GMAC Mtge., LLC v Guccione, 127 AD3d 1136; Walker v Mohammed, 90 AD3d 1034), and in the exercise of that discretion, the court may accept what amounts to law office failure as an excuse (see CPLR 2005; Mollica v Ruzza, 151 AD3d 714; Madonna Mgt. Services, Inc. v Naghavi M.D., PLLC., 123 AD3d 986). Here, Varble demonstrated a reasonable excuse for his failure to appear at the court-ordered status conference on April 5, 2016, arising from either a miscommunication or misunderstanding between him and Klein regarding the latter's expected appearance at the court conference on behalf of all of the defendants (see Madonna Mgt. Servs., Inc. v Naghavi, M.D., PLLC, 123 AD3d at 986; see also Lotz v Westbourne Apts., Inc., 159 AD3d 810). Moreover, as noted by the Supreme Court in the order appealed from, most of the document discovery given to the plaintiff by Klein at the status conference on April 5, 2016, which document discovery was deemed to be adequate by the court in the order dated April 6, 2016, had been compiled by Varble and given by Varble to Klein in preparation for the status conference.
Although it was not necessary for Varble to establish the validity of his defense as a matter of law in order to obtain vacatur of his default (see Marinoff v Natty Realty Corp., 17 AD3d 412), he satisfied his burden of demonstrating a potentially meritorious defense based upon the absence of a personal guaranty (see Brown Bark II, L.P. v Weiss & Mahoney, Inc., 90 AD3d 963) as well as the dissolution of KVG, P.C., by operation of law upon Greco leaving the firm, and later being disbarred in March 2016 (see Partnership Law §§ 60, 62[3]; Magee v Magee, 120 AD3d 637; Mashihi v 166-25 Hillside Partners, 51 AD3d 738).
Moreover, given the strong public policy favoring the resolution of cases on the merits, the evidence that Varble's default was not willful, the lack of prejudice to the plaintiff resulting from the default since the bulk of discovery presented at the April 5, 2016, status conference was gathered by Varble and delivered to Klein in preparation for the status conference, as well as the existence of a potentially meritorious defense, Varble should not be deprived of having his day in court (see Yongjie Xu v JJW Enters., Inc., 149 AD3d 1146; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784; Arteaga v Adom Rental Transp., Inc., 121 AD3d 931; Schmidt v City of New York, 50 AD3d 664; Henry v Kuveke, 9 AD3d 476; Burgess v Brooklyn Jewish Hosp., 272 AD2d 285).
Accordingly, under the circumstances here, the Supreme Court providently exercised its discretion in granting Varble's motion to vacate his default and to reinstate the answer insofar as asserted on behalf of Varble (see CPLR 5015[a][1]).
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court