Ruth D. Whitmore v P Morgan Chase, N.A. (2020 NY Slip Op 02077)





Ruth D. Whitmore v P Morgan Chase, N.A.


2020 NY Slip Op 02077


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-13214
 (Index No. 8815/17)

[*1]Ruth D. Whitmore, et al., appellants, 
v
JP Morgan Chase, National Association, respondent, et al., defendants.


David A. Bythewood, Mineola, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated October 18, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendant JP Morgan Chase, National Association, which were pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated May 30, 2018, granting that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment, and to direct the plaintiffs to join certain parties.
ORDERED that the order dated October 18, 2018, is affirmed insofar as appealed from, with costs.
The plaintiffs, owners of a certain parcel of real property, commenced this action against JP Morgan Chase, National Association (hereinafter Chase), and unknown parties, seeking, inter alia, to cancel and discharge of record any mortgage purporting to encumber the subject premises, a judgment declaring that the plaintiffs are the owners of the premises free and clear from any lien of the defendants, and the removal of any claim that the defendants have an encumbrance on the premises. Thereafter, the plaintiffs moved, inter alia, for leave to enter a default judgment. In an order dated May 30, 2018, the Supreme Court granted that branch of the motion without opposition.
Chase then moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated May 30, 2018, and to direct the plaintiffs to conduct a title search and join any current mortgagee/assignee of record against whom they intended to seek relief. The Supreme Court granted those branches of Chase's motion, and the plaintiffs appeal.
To prevail on that branch of its motion which was to vacate its default, Chase was required to demonstrate both a reasonable excuse for its default and a potentially meritorious defense (see CPLR 5015[a][1]; Mollica v Ruzza, 151 AD3d 714, 715). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, and in exercising that discretion, the court may accept law office failure as an excuse (see CPLR 2005; Mollica v Ruzza, 151 AD3d at 715).
Here, Chase demonstrated a reasonable excuse that was akin to law office failure (see CPLR 2005; Mollica v Ruzza, 151 AD3d at 715). Chase also demonstrated that it had a potentially meritorious defense based on its assertions that it had assigned a mortgage held by it on the subject premises to a third party prior to the commencement of this action and had no interest in the premises when the action was commenced (see McGahey v Topping, 255 AD2d 562, 563).
The plaintiffs' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of Chase's motion which were to vacate the order dated May 30, 2018, and to direct the plaintiffs to join certain parties.
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court