Healthway Med. Care, P.C. v GEICO Ins. Co. (2020 NY Slip Op 51375(U))

[*1]

Healthway Med. Care, P.C. v GEICO Ins. Co.

2020 NY Slip Op 51375(U) [69 Misc 3d 144(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2484 K C

Healthway Medical Care, P.C., as Assignee
of Nazario, Enid, Respondent,
against
GEICO Ins. Co., Appellant. 

Law Office of Goldstein, Flecker & Hopkins (Lawrence J. Chanice of counsel), for
appellant.
The Rybak Firm, PLLC, (Oleg Rybak of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon
Bourne-Clarke, J.), entered November 15, 2018. The order denied defendant's motion to vacate a
judgment of that court entered July 26, 2018 upon defendant's failure to appear or answer the
complaint and, in effect, to compel plaintiff, pursuant to CPLR 3012 (d), to accept defendant's
late answer.

ORDERED that the order is reversed, with $30 costs, defendant's motion to vacate the
default judgment and, in effect, to compel plaintiff, pursuant to CPLR 3012 (d), to accept
defendant's late answer is granted.
" 'A party seeking to vacate a default in appearing or answering pursuant to CPLR 5015 (a)
(1), and thereupon to serve a late answer, must demonstrate a reasonable excuse for the default
and a potentially meritorious defense to the action' (Hamilton Pub. Relations v Scientivity,
LLC, 129 AD3d 1025, 1025 [2015]). The determination of what constitutes a reasonable
excuse lies within the sound discretion of the trial court, and in the exercise of that discretion, the
court may accept law office failure as an excuse (see CPLR 2005; Mollica v
Ruzza, 151 AD3d 714 [2017]; Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D.
PLLC, 123 AD3d 986 [2014])" (Government Empls. Ins. Co. v Avenue C Med.,
P.C., 166 AD3d 857, 859 [2018]). Here, the affirmation of defendant's counsel and the
affidavit from the secretarial supervisor in [*2]counsel's office
were sufficient to establish that the failure to timely serve and file defendant's answer was not
willful but due to law office failure (see CPLR 2005; Government Empls. Ins.
Co., 166 AD3d 857; Valure v Century 21 Grand, 35 AD3d 591 [2006]). In addition,
defendant demonstrated the existence of potentially meritorious defenses. 
Under the circumstances here, particularly in light of the evidence that defendant's delay was
not willful, the lack of prejudice to plaintiff resulting from defendant's short delay in appearing
and seeking to answer the complaint, the existence of a potentially meritorious defense, and the
strong public policy favoring the resolution of cases on the merits, the Civil Court improvidently
exercised its discretion in denying defendant's motion to vacate the default judgment and to
compel plaintiff to accept a late answer (see CPLR 2005, 3012 [d]; 5015 [a] [1];
Government Empls. Ins. Co., 166 AD3d 857).
Accordingly, the order is reversed and defendant's motion to vacate the default judgment
and, in effect, to compel plaintiff, pursuant to CPLR 3012 (d), to accept defendant's late answer
is granted.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020